■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SCHERMERHORN, Also Known as DAVID SCHERMAHORN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered February 7, 1984, convicting him of murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On September 2, 1982, at approximately 6:15 P.M., the

defendant and an accomplice approached a store in Jamaica, Queens, in which marihuana was sold. An employee, Marc Richardson, who had known the defendant for several years and who was standing in front of the store, was greeted by the defendant, who proceeded inside. The defendant's accomplice then indicated that he had a gun in his shirt and ordered Richardson into the store. Once inside, Richardson saw the defendant behind the counter pointing a gun at his coemployee's head. As Richardson entered the counter area through a small door under the counter, he saw his coemployee and the defendant engaged in a struggle. Richardson attempted to flee using a rear exit, but upon finding a locked gate behind the exit door, slipped into a bathroom nearby. While hiding there he heard the accomplice say "throw the gun" several times followed by three of four shots.

Richardson came out of the bathroom in time to see the defendant and his accomplice leaving the store with the defendant carrying a brown paper bag. Twenty to 30 $10 bags of marihuana were missing from the top of the desk behind the counter. Richardson's coemployee was pronounced dead at the scene as a result of a bullet wound.

An employee in a store two doors away saw the perpetrators leaving the store where the crime took place and was able to describe the defendant, who was carrying a brown paper bag, to the police. The employee subsequently selected the defendant's photo from an array. The defendant was convicted by a jury of felony murder and robbery in the first degree.

On appeal, the defendant first contends that his guilt was not proven beyond a reasonable doubt because it was based upon circumstantial evidence given by unreliable witnesses. We reject this contention. The circumstances surrounding the crime were established by direct proof, and the inferences that the defendant or his accomplice shot the victim and that the missing marihuana was in the bag the defendant carried as he left the store, were clear, strong and logical (see, People v Fitzgerald, 156 NY 253, 258). The prosecution witnesses in this case "testified in detail, subject to extensive cross-examinations and the defense proof reflected solely upon their credibility" (People v Gruttola, 43 NY2d 116, 122). Issues of credibility are primarily for the jury (see, People v Gruttola, supra). We have reviewed the evidence and have determined that it was sufficient to permit a rational trier of fact to find that the defendant was guilty of the crimes of which he was convicted beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621).

The defendant's second contention that the trial court erred in not instructing the jury on circumstantial evidence lacks merit as well. The circumstantial evidence charge is required only when the prosecution relies wholly upon such evidence to establish the guilt of the accused (see, People v Fitzgerald, supra). In the instant case, as heretofore discussed, the circumstances surrounding the crime were established by direct proof in the form of the prosecution witnesses' testimony, and the inferences to be drawn therefrom were clear, strong and logical. The legal standard embodied in the circumstantial evidence charge does not apply to a situation where, as here, both direct and circumstantial evidence are employed to demonstrate a defendant's culpability (see, People v Barnes, 50 NY2d 375, 380).

We have considered the additional contentions raised by the defendant in his pro se brief and find them to be without merit. Brown, J. P., Niehoff, Weinstein and Eiber, JJ., concur.