■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER DERESKY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered May 9, 1983, convicting him of murder in the second degree (two counts) and kidnapping in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials and physical evidence seized at the time of his arrest.

Ordered that the judgment is affirmed.

Noel Cates, a young college student, was kidnapped, robbed of his car and viciously murdered by the defendant and his friends George Tarnovska and Mark Braun. Tarnovska was the first to be apprehended and he gave a full confession to the police, naming his accomplices. The defendant fled to Florida but returned to New York about two weeks later and was arrested as he disembarked from the airplane. Police Officer Gardner, who assisted in the arrest, asked the defendant if he had any luggage, received an affirmative response and, at the defendant's request, gave the claim checks for the luggage to the defendant's friend who was present with instructions to bring the luggage to the precinct. At the precinct, inspection of the two bags retrieved by the defendant's friend revealed that one bore a tag with the name John Boyle and it contained property belonging to Noel Cates.

The defendant moved to suppress his statement that he had luggage on the ground that it was made in the course of custodial interrogation and in the absence of *Miranda* warnings *(see, People v Rivera,* 57 NY2d 453), and to suppress the physical evidence as the fruit of the poisonous tree *(see, Wong Sun v United States,* 371 US 471). We agree with the hearing court's denial of suppression on several grounds. Because the inquiry about the luggage was merely for purposes of safeguarding the property and was not intended or designed to elicit an incriminating response, it did not constitute custodial interrogation, and the absence of *Miranda* warnings does not render the statement inadmissible *(see, People v Huffman,* 41 NY2d 29, 33; *People v Johnson,* 86 AD2d 165, *affd* 59 NY2d 1014). However, even if the inquiry were improper, the claim checks and consequently the luggage would have been inevitably discovered by the police in the course of a routine search of the defendant's person incident to his arrest and for that reason also suppression of the evidence was properly denied

*(see, People v Fitzpatrick,* 32 NY2d 499, 506, *cert denied* 414 US 1033).

The shotgun used to kill Noel Cates and subsequently seen by witnesses in the defendant's possession was destroyed by the Police Department prior to the trial herein. Claiming that he had been deprived of the opportunity to submit the weapon for independent testing of its operability which might have yielded exculpatory evidence, the defendant moved to suppress all of the People's expert evidence of the results of ballistics tests on the weapon (the People's experts determined that the shotgun was operable and that it had fired the fatal shots at Noel Cates). We agree with the trial court's denial of the defendant's motion based on testimony adduced at a hearing conducted outside of the jury's presence which established that the destruction was inadvertent and not the result of any prosecutorial bad faith. Furthermore, the defendant never requested the gun for independent testing prior to its destruction and his belated claim of prejudice is unpersuasive. Under these circumstances, the admission of ballistics evidence was not error *(see, People v Reed,* 44 NY2d 799).

Contrary to the defendant's contention, we find that the evidence was legally sufficient to support his conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The defendant's remaining contention, that improper evidence of uncharged crimes was admitted at his trial, is without merit.

We have considered the arguments raised in the defendant's *pro se* brief and find them to be without merit. Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.