■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY MORRIS, Also Known as CARLTON WRIGHT, Also Known as BUNNY MORRIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered April 26, 1984, convicting him of murder in

the second degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The Trial Judge was entitled to find that the defendant intended to kill, rather than cause serious injury, based on the testimony that the defendant stepped back from his victim and pointed the gun at her head (see, People v Deresky, 134 AD2d 512, lv denied 71 NY2d 895).

Further, resolution of issues of credibility as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the trier of fact who saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). The Trial Judge's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's final argument is that the imposition of the maximum sentence of 25 years to life imprisonment upon his conviction of murder in the second degree was unduly harsh under the circumstances. We find that the Trial Judge duly observed the principles of sentencing (see, People v Suitte, 90 AD2d 80). There are no factors before this court which would mitigate the defendant's culpability or persuade us to reduce the sentence (see, People v Sanchez, 131 AD2d 605, lv denied 70 NY2d 755). Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.