■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LAWRENCE, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of the attempted robbery and murder of Wallie Howard, a Syracuse police officer, who was posing as a drug purchaser in an undercover buy-bust operation. Defendant was also convicted of assault involving another victim. We reject defendant's argument that the trial court erred by refusing to give a circumstantial evidence charge in relation to the murder and attempted robbery counts. Where "the circumstances surrounding the crime were established by direct proof in the form of the prosecution witnesses' testimony, and the inferences to be drawn therefrom were clear, strong and logical", a circumstantial evidence charge is not required *(People v Schermerhorn,* 125 AD2d 729, 731, *lv denied* 69 NY2d 955; *see also, People v Barnes,* 50 NY2d 375, 380-381). Here, eyewitness testimony placed defendant on the scene, walking toward Howard's vehicle immediately before the shooting, and an-

other eyewitness testified that, immediately after the shots rang out, she observed defendant standing next to Howard's vehicle holding in his hand a smoking gun. There was also direct evidence of a robbery attempt, as surveillance officers heard defendant or his codefendant yell, "where is the money?" as they approached the undercover officer's vehicle. Moreover, even if we were to conclude that the trial court erred by failing to give a circumstantial evidence charge, the error would be harmless (see, People v Daddona, 181 AD2d 688; People v Sumter, 173 AD2d 659, 660, lv denied 78 NY2d 975).

The evidence that defendant fired a shot at close range into Howard's head was sufficient to support the inference that defendant intended to kill the victim (see, People v Green, 143 AD2d 768, 770, lv denied 73 NY2d 922; People v Morris, 141 AD2d 769, 770, lv denied 72 NY2d 1048; People v Mierzwa, 124 AD2d 1038, lv denied 69 NY2d 714; People v Austin, 106 AD2d 859). Upon our review of the record, we conclude that the verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490). The record before us is not sufficient to permit review of defendant's claim, set forth in his pro se supplemental brief, that pretrial publicity made it impossible for him to receive a fair trial. It does not appear that a motion was made for a change of venue, and because jury selection was not recorded, we cannot determine whether counsel was unable to select a fair and impartial jury (see, People v Parker, 60 NY2d 714, 715). Finally, we decline to modify defendant's sentence in the interest of justice. (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Green, Pine, Boehm and Doerr, JJ.