■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS E. MAYE, SR., Also Known as LOUIS E. MAYE, Also Known as LEWIS MOOKIE, Appellant. [642 NYS2d 58] —Appeal by the defendant from a judgment of the County Court, Westchester County (Angiolillo, J.), rendered August 15, 1994, convicting him of rape in the first degree and rape in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Following the rape in this case, the 13-year-old victim tested positive for a sexually transmitted disease called chlamydia trachomatis. Subsequently, the court granted the People's unopposed motion to compel the defendant to submit to the same test. The defendant tested negative. At trial, the negative test results were admitted into evidence over the People's objection. It was established through the testimony of the People's medical expert, however, that the method that was used to test the defendant was not in accordance with accepted medical procedures and may, therefore, have resulted in a false negative reading.

On appeal, the defendant maintains that the indictment should be dismissed due to the People's failure to properly administer the subject test. This contention, however, is unpreserved for appellate review (*see,* CPL 210.45; *see also, People v Jennings,* 69 NY2d 103). In any event, the claimed error does not warrant the drastic remedy of dismissal of the indictment (*see, People v Haupt,* 71 NY2d 929; *People v Kelly,* 62 NY2d 516). Here, the defendant has not demonstrated any prosecutorial fault in connection with the administration of the test (*see, People v Martinez,* 71 NY2d 937; *People v Allgood,* 70 NY2d 812; *see also, People v Bridges,* 184 AD2d 1042; *People v Deresky,* 134 AD2d 512) or undue prejudice stemming from the test procedure. Moreover, in light of the testimony of the victim, any error stemming from test methods was harmless (*see, People v Crimmins,* 36 NY2d 230).

The defendant was not deprived of the effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137; *see also, People v Hobot,* 84 NY2d 1021; *People v Cuesta,* 177 AD2d 639).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]), without merit, or cannot be addressed on the record before us (*see, People v Neal,* 205 AD2d 711). Mangano, P. J., Ritter, Hart and McGinity, JJ., concur.