■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HOLMES, Appellant. [690 NYS2d 292] —Crew III, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered May 18, 1998, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and criminal possession of a weapon in the second degree.

On October 17, 1997 defendant, who was suspected of having participated in a robbery earlier in the evening, was observed in a department store in the Arnot Mall in Chemung County by a Deputy Sheriff. Upon being ordered to stop by the Deputy, defendant fled down one of the aisles and, upon observing a security guard crouched near a clothing display close to the store's entrance, pulled a gun from his waistband and fired a single round at point-blank range. The shot grazed the security guard's forehead and penetrated his right thigh. As a consequence, defendant was indicted for attempted murder in the second degree and criminal possession of a weapon in the second degree. Following a jury trial, defendant was found

guilty as charged and was sentenced to an indeterminate term of imprisonment of 12½ to 25 years on the attempted murder count and 7½ to 15 years on the criminal possession of a weapon count.

Initially, defendant contends that the evidence was legally insufficient to prove intent to kill and, further, that the verdict was against the weight of the evidence. We disagree. It has repeatedly been held that evidence that a person "fired a shot at close range into [another's] head [is] sufficient to support the inference that [the person] intended to kill the victim" (*People v Lawrence*, 186 AD2d 1016, 1017, *lv denied* 81 NY2d 790; *see, People v Green*, 143 AD2d 768, 770, *lv denied* 73 NY2d 922; *People v Morris*, 141 AD2d 769, 770, *lv denied* 72 NY2d 1048). With regard to defendant's contention that his conviction was not supported by the weight of the evidence, we are of the view that based upon all of the credible evidence, a different finding than that reached by the jury would not have been reasonable (*see, People v Bleakley*, 69 NY2d 490, 495).

Next, defendant contends that County Court erred in failing to grant a *Ventimiglia* hearing. To the extent that defendant contends that a *Ventimiglia* "hearing" necessitates a formal hearing at which the People adduce testimony, we do not agree. All that is required is that the People alert the court and defendant of the "prior crime" evidence intended to be introduced on their case-in-chief and identify some issue, other than mere criminal propensity, to which the evidence is relevant (*see generally*, *People v Lewis*, 69 NY2d 321, 325). Insofar as defendant is asserting that County Court abused its discretion in permitting evidence of defendant's involvement in the underlying robbery, we cannot agree.

Clearly, the evidence was admissible as background material to provide a complete picture of the events leading up to the shooting and to prevent speculation as to why the Deputy Sheriff ordered defendant to stop in the department store (*see, People v Hernandez*, 139 AD2d 472, 477, *lv denied* 72 NY2d 957). With regard to the testimony of Antoinette Collier, an acquaintance of defendant, that defendant admitted to her that he had shot the security guard who was trying to stop him from escaping because he had participated in an earlier robbery, such testimony was directly relevant to establishing defendant's motive to attempt to kill the security guard. Finally, we find defendant's contention that the sentence was excessive to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.