■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUENTIN J. LEWIS, Appellant. [752 NYS2d 172] —Carpinello, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered July 10, 2001, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

Charged in a two-count indictment with murder in the second degree and manslaughter in the first degree, as a principal and/or accomplice (*see* Penal Law § 20.00), defendant was found guilty of the latter following a jury trial. The charges stem from the stabbing death of a fellow inmate at Coxsackie Correctional Facility in Greene County. Sentenced as a second felony offender to 25 years in prison, defendant appeals. We now affirm.

We first reject defendant's contention that the evidence was legally insufficient to support the jury's verdict (*see* Penal Law § 10.00 [10]; §§ 20.00, 125.20 [1]). The record reveals that a mess hall dispute between inmates George Holden (hereinafter the victim) and Eddie Buckley continued when the two returned to their dormitory. According to one witness, the victim asked other inmates for a weapon, without success, and demanded that defendant, who was a friend of Buckley, remain in his cubicle. Notwithstanding the victim's directive, defendant exited his cubicle, crouched down low so as to escape detection, secreted to the recreation room and joined in the fight then in progress between Buckley and the victim.

The evidence further revealed that Buckley possessed a shank immediately before the altercation and was observed stabbing the victim. Defendant, however, was also observed repeatedly lunging at the victim, although no weapon was actually seen in his hands. Both men were observed wearing gloves. As a result of the fight, the victim suffered numerous superficial stab wounds and one fatal wound to the back which penetrated his heart and caused internal bleeding. A subsequent search of the dormitory produced two shanks which had been hidden in a small box and thrown in a garbage can near the fight. While no physical or testimonial evidence specifically connected these weapons with the victim's death, the pathologist who conducted the autopsy testified that the fatal injury was consistent with the use of such weapons.

Defendant took the stand in his own defense and denied any involvement in the incident, claiming instead to have remained in his cubicle during the fight. Viewing this evidence in a light most favorable to the People and indulging in all reasonable inferences in their favor, we find a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury, namely, that defendant, as a principal and/or as Buckley's accomplice, intended to cause serious physical injury to the victim and that death resulted (*see id.*; *see also People v Contes*, 60 NY2d 620, 621; *People v Schermerhorn*, 125 AD2d 729, *lv denied* 69 NY2d 955). We

likewise find, upon the exercise of our factual review power, that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495; *see also People v Reynolds*, 269 AD2d 735, *lv denied* 95 NY2d 838, *cert denied* 531 US 945).

One other argument merits brief discussion. Defendant contends that County Court erred in failing to instruct the jury that the evidence must establish his guilt to a moral certainty. However, where, as here, the People's case consisted of both direct and circumstantial evidence of guilt, a court is not required to so charge (*see e.g. People v Daddona*, 81 NY2d 990, 992; *People v Ruiz*, 52 NY2d 929, 930; *People v Durham*, 248 AD2d 820, 821, *lv denied* 91 NY2d 972; *People v Struss*, 228 AD2d 711, 714, *lv denied* 89 NY2d 867; *People v Schermerhorn*, *supra*). Direct evidence of defendant's guilt included the eyewitness testimony of two inmates establishing that defendant secreted himself to the recreation room so he could assist Buckley in the physical altercation with the victim and that defendant was seen repeatedly lunging at and making stabbing motions over the victim with gloved hands (*compare People v Lawrence*, 186 AD2d 1016, *lv denied* 81 NY2d 790; *People v Schermerhorn*, *supra*; *but see People v Bernardo*, 83 AD2d 1).

We have considered the other contentions raised by defendant, including his argument that the sentence is harsh and excessive, and find them to be unpersuasive.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.