■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTIE WRIGHT, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered November 29, 1988, convicting defendant, following a jury trial, of one count of burglary in the second degree and two counts of robbery in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of imprisonment of 20 years to life on the burglary count and 3½ to 7 years on the robbery counts, unanimously affirmed.

Defendant contends that the court improperly admitted testimony of a declaration of an absent, unidentified person describing the robbery. However, the court properly found the statement to be admissible as an exception to the hearsay rule in that it was an excited utterance made "contemporaneously

or immediately after a startling event which affected or was observed by the declarant, and relate[s] to the event * * *. The essential element of the exception is that the declarant spoke while under the stress or influence of the excitement caused by the event, so that [her] reflective capacity was stilled" *(People v Nieves,* 67 NY2d 125, 135 [1986]). The testimony revealed that the statement was made within three to five minutes after the robbery by one of the women who was in the room at the time of the robbery.

Defendant also contends that the site of the burglary, a massage parlour and a house of prostitution, did not meet the statutory definition of a dwelling. However, the evidence established that the women lodged in the premises at night (Penal Law § 140.00 [3]).

Defendant's claim that the prosecutor improperly utilized a letter later found not to have been admitted into evidence is not preserved as a matter of law and we therefore decline to reach it. Were we to consider it, in the interest of justice, we would nevertheless affirm, since the single question and brief reference in summation would be considered harmless *(People v Crimmins,* 36 NY2d 230).

Finally, contrary to defendant's contention, sufficient evidence is presented to support a conviction for the robbery of Hannah Kim. Concur—Murphy, P. J., Carro, Kassal and Rosenberger, JJ.