■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GONZALEZ, Appellant. [597 NYS2d 44] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered November 14, 1991, convicting defendant, after a jury trial, of attempted murder in the second degree, criminal use of a

firearm in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and attempted assault in the first degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 10 to 20 years, 10 to 20 years, 7½ to 15 years, 3½ to 7 years and 3½ to 7 years, respectively, unanimously affirmed.

The evidence at trial was legally sufficient to prove that defendant was armed with a deadly weapon, notwithstanding that the weapon was never recovered (see, People v Johnson, 144 AD2d 494, 495). Nor was the verdict against the weight of the evidence. Indeed, the evidence of guilt was overwhelming.

The tape recording of the complainant's 911 call was properly admitted into evidence as an excited utterance (People v Seymour, 183 AD2d 35, lv denied 81 NY2d 766; People v Wright, 157 AD2d 534, lv denied 75 NY2d 971). The evidence at trial clearly demonstrated the circumstances under which the statement was made and revealed that, during the brief period between the encounter and the telephone call, the complainant was in flight, searching for a place in which she could call the police in safety, and that the call itself was made as she hid under a desk in a nearby office.

We reject defendant's argument that it was error to admit a spent bullet found at the scene. It cannot be trivialized as mere coincidence that a bullet was promptly recovered at the scene of an alleged shooting, and the bullet was, thus, "sufficiently connected" with defendant to be relevant to an issue in the case (People v Mirenda, 23 NY2d 439, 453).

Defendant's argument that the prosecutor knowingly allowed the use of false testimony, i.e., the complainant's companion's testimony that a second bullet was recovered from the scene, is not preserved for review and is, in any case, without merit. The prosecutor not only did not attempt to use the testimony to her advantage but, in fact, disavowed it (cf., People v Novoa, 70 NY2d 490, 498).

Defendant's Rosario claim concerns his right to receive unredacted copies of the complainant's diary, which had been handed over to the District Attorney, and letters which the complainant had written to the prosecutor. A witness' prior statements which are in the possession of the prosecution need not be handed over to the defense if they are completely unrelated to the subject matter of the witness' trial testimony (see, CPL 240.45 [1] [a]; People v Goldman, 175 AD2d 723, 725, lv denied 78 NY2d 1076; People v Barrios, 163 AD2d 579, lv

*denied* 77 NY2d 875). Here, the prosecutor contended that the portions of the documents which had been redacted had no relevance to the case, but nevertheless handed the complete documents over to the court. The court's final decision as to whether the defense was entitled to more information fails to appear on the record, as does any subsequent indication from defense counsel that he did not receive a decision or that he had received it and objected to it. Under these circumstances, it would be sheer speculation to suppose that counsel was deprived of any materials to which he was entitled, and defendant's claim is, therefore, not preserved for review.

Contrary to defendant's argument, we find that his objection to the court's charge was not preserved for review *(People v Autry,* 75 NY2d 836, 839). Moreover, we decline to review it in the interest of justice. We have examined defendant's remaining contentions and conclude that they are without merit. Concur—Sullivan, J. P., Milonas, Ellerin and Wallach, JJ.