■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CHAVIS, Appellant. [603 NYS2d 883] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered April 11, 1991, convicting him of manslaughter in the first degree, manslaughter in the second degree, assault in the second degree, assault in the third degree, and failure to report a death, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

This case arose from the death of three-year-old Andrew Mitchell, whose skeletal remains were found at the Prospect Cemetery in Queens County in September 1989. The defendant and the child's mother, Geraldine Mitchell, were jointly

charged with two counts of murder in the second degree and lesser crimes in connection with the child's death. Forensic evidence established that the child had sustained various fractures of the ribs and jaw prior to death. The medical examiner certified the cause of death as battered child syndrome. Prior to trial, Mitchell pleaded guilty to manslaughter in the second degree. She thereafter became the prosecution's main witness against the defendant.

Mitchell testified that she met the defendant in 1988, and for a period of time, they lived with her son Andrew in the home of her grandmother. While residing at her grandmother's home, the defendant struck Andrew many times without reason. On numerous occasions, the defendant threw the child against a wall and punched him four or five times in the chest. He also burned the child with scalding hot water.

In April 1989, Mitchell lived in the Traveller's Hotel with Andrew. The defendant would occasionally visit and spend the night with them. During the time they were at the hotel, the child urinated on himself. The defendant tied up the child and stuck him under the bed. The next day, he told Mitchell the child was dead. He then put the child's body in a bag, initially placed it underneath the sink in the bathroom for several days, and then in a freezer in Mitchell's hotel room. Six or seven days later, the defendant removed the bag from the freezer and left the hotel. When he returned, he told Mitchell he had buried the child. He also told Mitchell she should not tell the police what happened or he would hurt her grandmother and her aunt.

One of the defendant's contentions on appeal is that Mitchell's accomplice testimony was not sufficiently corroborated. We note that the defendant failed to properly preserve this issue by seeking dismissal on this ground in the trial court (see, People v Udzinski, 146 AD2d 245). In any event, this contention is without merit. Several independent witnesses testified that the defendant went to the residence of Mitchell's grandmother, after Mitchell spoke with the police. These witnesses heard the defendant state that he would hit and kill Mitchell's grandmother just like he had "done [to] Andrew". This statement was direct evidence, clearly connecting the defendant with the commission of the crime, and was legally sufficient to corroborate Mitchell's testimony (see, CPL 60.22).

Further, we reject the defendant's contention that the evidence was legally insufficient to establish that he intended to cause serious physical injury or that the injuries he inflicted

caused the child's death. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt as to manslaughter in the first degree. Based on Mitchell's testimony, the defendant's own statement, and the forensic evidence, the jury could reasonably infer that the defendant intended to inflict serious injury and his actions caused the child's death. Upon the exercise of our factual review power, we are satisfied that the jury's determination on these issues was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Although it may have been improper for the court to allow the prosecution to adduce evidence that the defendant had previously beaten and abused other children, a limiting instruction was given to the jury and the error was harmless in light of all the other evidence that was properly admitted, and overwhelmingly established the defendant's guilt.

We have considered the defendant's remaining contentions, some of which are unpreserved for appellate review, and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.