■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY JAMISON, Appellant. [616 NYS2d 735] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered April 8, 1991, convicting defendant, after a jury trial, of murder in the second degree, two counts of robbery in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 25 years to life, 12½ to 25 years, 12½ to 25 years and 7½ to 15 years, respectively, unanimously affirmed.

The trial court properly admitted into evidence a deformed bullet recovered at the crime scene and crime scene photo-

graphs of the victim's body. "It cannot be trivialized as mere coincidence that a bullet was promptly recovered at the scene of an alleged shooting", indeed, next to the victim's body *(People v Gonzalez,* 193 AD2d 360, 361). That the deformed bullet could not be definitively linked to the weapon that fired several other bullets into the victim's body bore only on the weight to be accorded the bullet as evidence, not its admissibility. The photographs of the victim's body showing the bullet holes in the back of his head were, in a prosecution charging intentional murder, properly admitted as corroborative of the medical examiner's testimony about the close range infliction of the wounds *(see, People v Stevens,* 76 NY2d 833, 835-836). The court's instructions that the photographs were being admitted solely for the purpose of allowing witnesses to "demonstrate their testimony more clearly" and that the jurors were not to be influenced by their "unpleasantness" were adequate to dispel any prejudice.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Asch and Tom, JJ.