THIRD DEPARTMENT, JUNE, 1996

(June 6, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK STRUSS, Appellant. [644 NYS2d 340] —Yesawich Jr., J.

Shortly after midnight on January 1, 1993, Paul Pratti, an off-duty Sullivan County Sheriff's Department officer, accompanied by his friend Andrew Skoriuchow, responded to a call for assistance at defendant's apartment. Upon arrival, they discovered that Jeffrey Dorn, who had been partying with defendant and his girlfriend, Brenda Sullivan, had been stabbed. Shortly thereafter, defendant admitted to Skoriuchow that he had stabbed Dorn, but claimed that he did so because the latter had been acting indecorously toward Sullivan. Pratti and Skoriuchow each testified that as they were attending to Dorn, Sullivan yelled at defendant, "How could you do this to him, how could you do this?"

Dorn subsequently died as a result of the stab wound and defendant was charged with manslaughter in the first degree and criminal possession of a weapon in the third degree. After a jury trial, at which defendant and Sullivan each testified that the stabbing had been carried out in self-defense when Dorn refused to stop holding and choking defendant, defendant was convicted on both charges. Sentenced to a term of incarceration of $8^1/_3$ to 25 years on the manslaughter count, and a shorter, concurrent term on the weapons charge, defendant appeals.

Defendant contends that the verdict with respect to the manslaughter charge was not supported by legally sufficient evidence, or was against the weight of the credible evidence, in that there was—in his view—no convincing proof that he entertained the requisite intent to inflict serious physical injury when he stabbed Dorn. We disagree.

The People's proof, taken as a whole—including defendant's and Sullivan's statements made immediately after the incident, the pathologist's testimony that the fatal wound was more than five inches deep and resulted from the application of heavy force, and the evidence that defendant fabricated exculpatory evidence to support a justification defense after the fact (which evinces consciousness of guilt)—is more than enough to establish, albeit circumstantially, that the stabbing was intentional (see, People v Castillo, 47 NY2d 270, 277-278; People v Chavis, 198 AD2d 367, 368-369, lvs denied 82 NY2d 923, 83 NY2d 850). Even viewing the evidence in a neutral light (see, People v Bleakley, 69 NY2d 490, 495; People v Rose, 215 AD2d 875, 877, lvs denied 86 NY2d 793, 801), it cannot be said that the jury erred in rejecting defendant's justification defense, or in concluding that defendant intended to cause serious injury when he stabbed Dorn.

Defendant's contrary assertions notwithstanding, County

Court did not abuse its discretion in finding that the pathologist called by the People, Wing Chau, was qualified to opine that the stab wound had been forcefully inflicted. Chau testified that he is board certified in clinical and anatomical pathology, has been involved in the field of forensic pathology since 1968, and has taken continuing education courses, and a "mini-residency", in that area. Nor did his opinion that the stabbing required the application of a "very heavy force" to cause the injury invade the province of the jury, since laypersons are not competent to make such medically subtle determinations (see, *People v Hill*, 85 NY2d 256, 261).

The contention that Sullivan's comments to defendant, made in the presence of Pratti, Skoriuchow and other emergency personnel, should have been excluded as hearsay is unpersuasive. Since defendant allowed this evidence to be introduced on several occasions during the trial, without objection, a challenge to its admission now is inappropriate. In any event, Sullivan's statements were admissible as excited utterances (see, *People v Wright*, 157 AD2d 534, 534-535, *lv denied* 75 NY2d 971).

Nor did County Court err in allowing the prosecutor to inquire of defendant, and several other witnesses, regarding defendant's failure to initially mention the facts allegedly underlying his justification defense, and to emphasize this omission in his closing statement. Having waived his right to remain silent, and voluntarily spoken to Pratti and others about certain aspects of the stabbing, defendant could not insulate himself from inferences that might be drawn from his failure to comment on other related facts, particularly those significant, exculpatory circumstances he could reasonably have been expected to mention (see, *People v Savage*, 50 NY2d 673, 678-679, *cert denied* 449 US 1016).

Also unavailing are defendant's claims that his right to a fair trial was violated because County Court improperly "threatened" to give a missing witness charge, highlighting his failure to call Sullivan (which prompted him to reopen his case and elicit her testimony, rather than bear the consequences of an adverse inference charge), and that the court wrongly denied his request for a circumstantial evidence charge. Sullivan was the only person, other than defendant, who witnessed the stabbing, and thus was in a position to offer material, noncumulative evidence. As she was defendant's girlfriend—and a stepsister by adoption—it was not injudicious to view her as being under his control, such that he could be expected to proffer her testimony if it was likely to support his defense (see, *People v Morales*, 126 AD2d 575).

As for County Court's refusal to give a circumstantial evidence charge, such a charge is only necessary when the People's entire direct case rests on circumstantial evidence (*see, e.g., People v Ruiz*, 52 NY2d 929, 930). Here, there was direct evidence that defendant stabbed the victim; it was only the element of intent that was established through circumstantial proof alone. Hence, it was not necessary that the court give the requested charge (*see, People v Daddona*, 81 NY2d 990, 992-993; *People v Taxiarhopoulos*, 172 AD2d 783, 784, *lv denied* 78 NY2d 975), only that it properly instruct the jury how to evaluate the evidence of intent and apply the requisite standard of reasonable doubt to that element (*see, People v Von Werne*, 41 NY2d 584, 590), which it did.

Defendant's remaining contentions have been considered and found meritless.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.