Frederick M. Marshall, J.
On January 26, 1962, the defendant was convicted in a Court of Special Sessions in the Township of Hamburg, County of Erie, State of New York of violating subdivision 2 of section 1192 of the Vehicle and Traffic Law of the State of New York. He was sentenced to the payment of a fine of $50.
The defendant was placed under arrest at approximately 3:20 a.m. by Lieutenant John McNally of the Town of Hamburg Police Department, in the Township of Hamburg and was requested by the arresting officer to submit to a blood test pursuant to section 1194 of the Vehicle and Traffic Law of the State of New York. The defendant consented to the blood test. Lieutenant McNally proceeded to take the defendant to the Town of Hamburg Police Headquarters where the officer secured a blood sample kit. The defendant was then escorted to the Edward J. Meyer Memorial Hospital and at approximately 5:00 a.m. Doctor Frank S. Warziski, an intern, on the staff of the Edward J. Meyer Memorial Hospital proceeded to make the blood test.
The defendant in his affidavit of errors claims:
1. The chemical blood test and report were inadmissible in that it was not extracted by a “ physician ” as required by subdivision 3 of section 1194 of the Vehicle and Traffic Law, in that the blood was extracted by an intern rather than a duly licensed physician.
2. The circumstances, exclusive of the blood test, did not prove the defendant’s guilt beyond a reasonable doubt.
Concerning the first point it is incumbent upon the court to determine whether the extraction of blood from the defendant, by an intern, is within the meaning of the" term “ physician ” *922 as that term is used in paragraph a of subdivision 3 of section 1194 of the Vehicle and Traffic Law of the State of New York.
Eesearch has not disclosed a case reported in this State directly deciding this issue.
Paragraph a of subdivision 3 of section 1194 of the Vehicle and Traffic Law of the State of New York reads as follows: “No person except a physician acting at the request of a police officer shall be entitled to withdraw blood for the purpose of determining the alcoholic content therein. This limitation shall not apply to the taking of urine, saliva, or breath specimen ’
An examination of the legislative history of the instant section (formerly Vehicle and Traffic Law, § 71-a) reveals that its wording was changed in 1954 by chapter 320 of the Laws of New York.
Prior to the legislative change it provided, “ Only a duly licensed physician acting at the request of a police officer can withdraw blood for the purpose of determining the alcoholic content therein.” (Italics supplied.)
The 1954 Legislature by affirmatively acting to delete the words “ duly licensed ” from the statute, clearly indicated that they were eliminating this prior licensing requirement in favor of the present language necessitating only that one who qualifies as a physician may extract blood for the purpose of making a blood test.
It thus becomes necessary for the court to determine whether an intern affiliated with a municipally owned hospital, who makes a blood test while on duty in said hospital, is included within the term ‘ ‘ physician ” as it is used in the instant section.
Black’s Law Dictionary (4th ed.) defines “physician” as follows: “ A practitioner of medicine; a person duly authorized or licensed to treat diseases ’ ’.
Sections 6501 to 6517 of the Education Law of the State of New York define and set out requirements by which the professional practice of medicine is to be governed in this State.
Subdivision 5 of section 6501 defines “physician” as “ a practitioner of medicine ”. Subdivision 4 of section 6501 defines the “ practice of medicine ” as “ a person * * * who holds
himself out as being able to diagnose, treat, operate, or prescribe for any human disease, pain, injury, deformity or physical condition, and who shall either offer or undertake, by any means or method, to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity, or physical condition ’ ’.
The licensing requirements for the professional practice of medicine in this State are contained in section 6502 of the Education Law of the State of New York.
*923 Section 6512 of the Education Law of the State of New York entitled “ Construction of article ” states: “ This article shall not be construed to affect or prevent the following: * * * b. (1) The practice of medicine in a hospital incorporated by an act of the legislature or under the provisions of the membership corporations law, a state hospital or other state institution or hospital of a municipal corporation, by an intern.”
Thus, the Education Law of the State of New York clearly establishes that an intern, although unlicensed is a practitioner of medicine (physician), if he practices medicine in a hospital of a municipal corporation, etc.
Supporting this contention the Attorney-General in his Opinions of 1950 dated August 16 said (p. 164): “While an unlicensed physician may practice medicine and prescribe medication, including narcotic drugs, in a legally incorporated hospital as a member of its resident staff, his professional activities must be limited to, and his prescriptions filled at, the hospital ’
In 1954 the Attorney-General again in his Opinions dated February 22 said (p. 183) that death certificates by a hospital intern are valid and the intern can sign the certificate as the last attending physician of the deceased.
Interpreting section 1194 of the Vehicle and Traffic Law of the State of New York the Attorney-General in his Informal Opinions of 1957 on June 13, in an opinion entitled “ Alcoholic Content Blood Test-Physicians Authorized to Withdraw Blood ” it was stated that:
“ [T]he Vehicle and Traffic Law provides that only a physician acting at the request of a police officer can withdraw blood for the purpose of determining the alcoholic content therein. Formerly only a duly licensed physician could withdraw the blood. This statute was amended by chapter 320 of the laws of 1954, however, in that the words, duly licensed, were deleted therefrom. Thus, it is clear that physicians other than those having licenses may also perform this function.
‘ ‘ Included in the presently eligible group would be the following physicians who may practice medicine, though not licensed in accordance with the requirements of the Education Law: Commissioned Medical Officers in the Army, Navy, or Public Health Service, those performing duties while employed in the United States Veterans Administration, Interns in an incorporated hospital, state hospital, or institutions or in a hospital of an municipal corporation and physicians acting by virtue of temporary certificates issued to them ”.
The Legislature again distinguishes between “ duly licensed physicians” and “physicians” where in the Public Health *924 Law of the State of New York in subdivision 3 of section 2300 it is stated: “ The required examination [blood test] may be made by the health officer or by a physician selected by him, or, at the option of the person to be examined, by a licensed physician who, in the opinion of such health officer, is qualified to make such medical examinations and is approved by him ’ ’. (Italics supplied.)
The Legislature in this section of the Public Health Law makes it quite clear that they are aware of the distinctions and differences between the term physician and the term duly licensed physician.
In the instant case we have an intern associated with a municipal hospital who while on duty extracts blood from the defendant pursuant to the requests of a police officer.
The court finds that the intern in the instant case was a “ physician ” as the term is used in section 1194 of the Vehicle and Traffic Law of the State of New York and therefore, the blood test was properly admitted into evidence.
Concerning the second point contained in the defendant’s affidavit of errors the court finds that the record conclusively establishes, exclusive of the blood test, the defendant’s guilt beyond a reasonable doubt.
The court upon the law and facts affirms the conviction.