Robert E. Dempsey, J.
Plaintiff moves pursuant to CPLR 3212 for an order granting him summary judgment. Defendant cross-moves for similar relief. The action was instituted to recover expenses incurred for the treatment of plaintiff’s wife for a psychoneurotic disorder.
The contract of insurance of defendant (Policy No. 941959) provides for protection against loss resulting from sickness and injury. The contract extends coverage to the insured’s (plaintiff) spouse and other dependents (“ Dependents ” rider of Exhibit “ D ”) in support of defendant’s cross motion).
The contract of insurance sets forth the expenses for which the defendant will pay the insured. Paragraph (a) under a *57 bold-faced notation reading “ Covered Expenses ”, is as follows: ‘ ‘ a. for medical treatment by a licensed physician or surgeon, provided that for any such treatment of mental, psychotic, or psychoneurotic diseases or disorders the amount to be included in Covered Expenses shall not exceed $15 per treatment nor more than $1,500 for all such treatments received during any one continuous period of treatment” [emphasis supplied].
It appears that plaintiff’s wife received psychotherapeutic treatment between May 22, 1963 and December 28, 1964. Although by its answer defendant generally denies that the contract of insurance (at issue herein) was in full force and effect, that position has not been urged herein. It is apparent that that fact is not in issue. The treatment received by plaintiff’s wife was rendered exclusively by one person, a holder of the degree of Doctor of Psychology. The uncontested qualifications of that person, Dr. Bernard Fisher, are in addition to his doctorate in psychology, as follows: (1) Member of the American Psychoanalytic and the New York State Psychoanalytic Associations; (2) A certified psychoanalyst; (3) Licensed by New York State Board of Begents as a psychoanalyst; (4) A professor at both the City College of New York and New York University.
The question for this court’s determination basically is rather narrow: “ Did the plaintiff’s wife receive medical treatment from a ‘ licensed physician ’ within the terms of the above contract of insurance.”
As it is urged, Dr. Bernard Fisher appears to be an eminently qualified psychologist. The treatment he rendered in all probability to plaintiff may have been superb and plaintiff grateful for his assistance. That is not the question posed here. We must decide if Dr. Fisher is a “ licensed physician ” within the terms of the contract, or is the term elastic enough to have a licensed psychologist deemed to be a licensed physician. No question is raised as to the right of the company to limit the coverage.
In making that decision this court is aware that ambiguities, if any, of this contract must be strictly construed against the defendant, its author. (Greaves v. Public Serv. Mut. Ins. Co., 5 N Y 2d 120.) No ambiguities exist, however, in this case.
The word physician is defined in Black’s Law Dictionary (4th ed.) as follows: “ A practitioner of medicine; a person duly authorized or licensed to treat diseases ”.
“ Physician ” has been defined in the courts of this State to include unlicensed practitioners of medicine. (People v. Stanton, 33 Misc 2d 921.) It is to be emphasized that the term employed herein “ licensed physician ” is one of precision. Sub *58 division 5 of section 6501 of the Education Law defines a physician in a particular and unambiguous fashion: “ ‘ Physician ’ means a practitioner of medicine ”. Section 6502 of the Education Law in effect provides that no person shall practice medicine unless licensed. Section 6505 et seq. of the Education Law provides for the procedure of obtaining a license to practice medicine; the qualifications of an applicant are set forth in detail and require in part the completion of four satisfactory courses in a medical school. There can be no ambiguity regarding the impact of the phrase ‘ ‘ Licensed physician ’ ’ in the State of New York, nor does there seem to have been from Hippocrates’ time. A psychologist is not a licensed physician for the purposes of this suit.
The cross motion for summary judgment is granted and the plaintiff’s motion is denied. The phrase “ licensed physician ” having a clear, unambiguous meaning, this court is not vested with such liberty as to construe the phrase in a manner favorable to the plaintiff.