OPINION OF THE COURT
Herman Cahn, J.
The within action was submitted to me after the parties entered into a stipulation which stipulated as to almost all the facts involved herein. Plaintiff, appearing pro se, is an attorney, and defendant appeared by attorney.
Plaintiff is an attorney employed by the General Electric Company, which company has obtained a group insurance policy underwritten by the defendant, Metropolitan Life Insurance Co., group policy No. 17500-G. Said policy was in effect at all times relevant to this action. Plaintiff was and is an insured employee covered for comprehensive medical expenses, for, among other things, the services performed by a “physician or surgeon” for type B covered medical expenses. From July 27, 1981 through September 11, 1981, plaintiff received treatment for a pinched nerve from M. C. Lee, a licensed acupuncturist. Defendant has stipulated as to the treatment, and to the fact that plaintiff, if put to his proof, would prove that M. C. Lee was an acupuncturist (but not a medical doctor) licensed by this State. Defendant, while not admitting the fact of licensing, stipulated that it would have no proof to controvert it. The court finds that at the times of the treatment involved herein, M. C. Lee was a licensed acupuncturist in this State.
*847 Plaintiff submitted two proofs of claim for said treatment, totaling $450. Defendant refused to pay said claims on the ground that acupuncture treatment of an illness or injury is covered by its policy only when such treatment is performed by a “legally licensed physician or surgeon”.
The question presented to the court is a question of law; that is, upon examining the policy in issue, interpreting said insurance policy. The policy provides in pertinent part: “comprehensive medical expense insurance provided by the plan for participating employees * * * pays benefits for medical expenses as described below to the extent that such expenses are * * * (3) for services performed or prescribed by a physician or surgeon, in a hospital, at home or elsewhere”. The terms “physician” and “surgeon” are defined on page 13 of the policy as “a person legally licensed to practice medicine”.
Thus, the singular question to be resolved is whether a licensed acupuncturist in this State is a person licensed to practice medicine.
Section 6521 of the Education Law defines the practice of medicine as “diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition.” Plaintiff was treated by M. C. Lee for arthritis of the left arm and shoulder. Clearly arthritis is a human disease or pain or deformity or condition. In fact, the practice of acupuncture has been found to constitute the practice of medicine, even to the extent that an unlicensed practitioner thereof was found guilty of the unlawful practice of medicine. (Matter of Doskow v Nyquist, 58 AD2d 725; People v Amber, 76 Misc 2d 267; People v Stanton, 33 Misc 2d 921; Casden v Monarch Life Ins. Co., 48 Misc 2d 56; Thompson v Texas State Bd. of Med. Examiners, 570 SW2d 123 [Tex]; and see Ann., 72 ALR3d 1257 for a collection of cases all of which have ruled to the same effect.)
Since the decision in People v Amber (supra) regulations have been promulgated pursuant to which a practitioner of acupuncture may become licensed to practice acupuncture. (8 NYCRR 60.11.) M. C. Lee, who treated plaintiff, was so licensed. Therefore, he was a person legally licensed to practice medicine, as that term is used in the insurance *848 policy at issue herein. The fact that the acupuncturist uses only some techniques, does not prescribe medicine, or use other techniques often used by physicians, does not mean that his activities are any less the practice of medicine.
Since the services of M. C. Lee to plaintiff were within the coverage of the policy, claimant is entitled to judgment for the sums paid for said services, i.e., $450.
Plaintiff seeks an award for service he, an attorney, rendered in preparing this action. Such an award is not warranted under CPLR 8303 (subd [a], par 2) (Tucker v Toia, 64 AD2d 826) and is denied.
Judgment shall be entered in favor of the plaintiff in the sum of $450.