OPINION OF THE COURT
Thomas Aloi, J.
Defendants moved pursuant to CPLR 3212 for summary judgment dismissing plaintiffs’ complaint, in part, in Action No. 3, on the grounds that plaintiff Darlene T. Postiglion had not sustained a “serious injury” (Insurance Law, § 671, subd 4), and thus did not meet the threshold for suit under New York’s no-fault insurance statute. Plaintiffs’ answering affidavits were by plaintiffs’ attorney, who attached a copy of a report by a clinical psychologist. In the report, a diagnosis for “Post-Traumatic Stress Disorder, *586 Chronic (DSM III 309.81)” was made, and the psychologist set forth his opinion that “this constitutes a serious emotional impairment and significantly limits her ability to function independently and effectively in pursuit of important life goals” with “a strong likelihood that she will experience ongoing residual difficulty with this problem”.
It is the opinion of this court that such a diagnosis by a clinical psychologist is sufficient to defeat a motion for summary judgment. This court cannot, at this stage of the proceedings, determine as a matter of law that plaintiff suffered no “serious injury” within the meaning of subdivision 4 of section 671 of the Insurance Law. Consequently, defendants’ motion for summary judgment dismissing the complaint is denied.
Defendants argue that an attorney’s affidavit, with an attached report of a nonmedical doctor, is insufficient to defeat their motion for summary judgment. While medical evidence is necessary to meet some alternative definitions of “serious injury” (Ayala v Reyes, 66 AD2d 790; Daviero v Johnson, 110 Misc 2d 381; cf. Hezekiah v Williams, 81 AD2d 261), this court can find no such requirement where the injury alleged is psychological or psychiatric in nature and where a report of a State-certified clinical psychologist sufficiently alleges, in expert opinion form, “a serious emotional impairment” which “significantly limits her ability to function” and results in an “ongoing residual difficulty”. Any attack on the weight to be given to such evidence should await the trial (Sanders v Rickard, 51 AD2d 260).