OPINION OF THE COURT
Herbert Kramer, J.
Defendants’ motion for summary judgment dismissing plaintiff’s complaint is granted unless plaintiff submits the affidavit *375 of merit of Dr. Lawrence W. Shields within 60 days after receiving notice of entry of this decision, and in such event the court will reconsider defendant’s motion.
Plaintiff brought this action seeking damages for personal injuries sustained in a motor vehicle collision that occurred on August 7, 1992. Defendants moved for summary judgment upon the ground that plaintiff has not sustained a "serious injury” as defined in Insurance Law § 5102 (d).
The evidence submitted by defendants is as follows: Richard R. Carruthers, M.D., a neurologist, was retained by defendants to examine plaintiff. Dr. Carruthers stated in his affidavit that in his opinion, within a reasonable degree of medical certainty, plaintiff did not sustain any neurological injuries relative to the accident of August 7, 1992; the claims examiner sent a letter to plaintiff dated August 19, 1993 denying plaintiff no-fault benefits due to: "Doctor conducting independent medical examination revealed no disability, no permanency, no need for future treatment — all future benefits are hereby denied.”
The court concludes that defendants’ evidence is sufficient to show entitlement to summary judgment upon the ground that plaintiff did not sustain a serious injury (Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Plaintiff now has the burden of going forward with sufficient evidence to raise a genuine issue of fact.
Plaintiff alleges that she sustained a "serious injury” under Insurance Law § 5201 (d) in that she had a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constitute her customary daily activities for not less than 90 days during the 180 days immediately following the occurrence.
Plaintiff stated in her affidavit that she hurt her head, neck and back in the accident for which she received extensive medical treatment, including physical therapy; she developed psychological problems — fear, anxiety and depression — for which she saw Dr. Arnold D. Laschewer; she still suffers from pain in her neck and back which radiates to her legs; and due to her pain from the accident, she still has difficulty pursuing her daily activities which has resulted in the need for psychological counseling.
Plaintiff has submitted the affidavit of Dr. Laschewer to *376 demonstrate that she sustained a "serious injury”. Dr. Laschewer states that he is a psychologist licensed in the State of New York; plaintiff has been his patient since August 1992 at which time she came under his care as a result of the subject accident; as a result of the accident, plaintiff is suffering from posttraumatic stress disorder, chronic pain syndrome, and adjustment disorder with mixed emotional features; that these injuries have prevented plaintiff from performing her usual customary activities for a period of eight months after the accident, and have resulted in a severe and substantial curtailment of her daily activities which continues to the present.
The issue in this case is whether the affidavit of a psychologist is sufficient medical proof under the statute to demonstrate that a person has sustained a "serious injury”. In Lacomb v Poland Cent. School Dist. (116 Misc 2d 585 [Sup Ct, Herkimer County]), the court held that the affidavit of a clinical psychologist was sufficient to raise an issue of fact to defeat defendant’s motion for summary judgment. The court stated that it can find no requirement in the statute for medical proof of injury when the injury alleged is psychological or psychiatric in nature.
However, the Legislature indicated in the revised no-fault statute in 1977 that a person’s right to sue shall be restricted to the definition of a "serious injury”. In Licari v Elliott (57 NY2d 230, 236-237), the Court stated: "There can be little doubt that the purpose of enacting an objective verbal definition of serious injury was to 'significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium’ * * * 'The verbal definition provided in the [legislation placed] a reasonable restriction and further limitation on the right to sue, in order to preserve the valuable benefits of no-fault, at an affordable cost.’ ” (Citations omitted.)
Thus, the Legislature intended that the courts apply the objective verbal definition to the terms of the statute.
The term "medical profession” has been defined in Education Law § 6521 as: "The practice of the profession of medicine is defined as diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition.”
The Legislature chose not to give a formal definition of " 'psychologist’ ” (see, National Psychological Assn. for Psychoanalysis v University of State of N. Y., 8 NY2d 197, 203). *377 Thus, there is no statutory authority for a certified psychologist to render a medical diagnosis and thereby make a "medical determination.” Moreover, the courts of this State have consistently stated that a psychologist is a nonmedical person (see, Robinson v Robinson, 134 Misc 2d 664, 671; McDonnell v County of Nassau, 129 Misc 2d 228; Casden v Monarch Life Ins. Co., 48 Misc 2d 56).
Thus, the court finds that the Legislature, in using the term "medically determined”, intended to limit the proof of "serious injury” to members of the medical profession. Consequently, the affidavit of Dr. Arnold Laschewer is insufficient to raise a triable issue of fact on whether plaintiff sustained a "serious injury”.
The report of Dr. Lawrence W. Shields, a neurologist, may not be admitted to support plaintiff’s claim of "serious injury” since it is not in evidentiary form (Grosso v Angerami, 79 NY2d 813). However, the court will give plaintiff the opportunity to submit an affidavit from Dr. Shields, at which time the court will reconsider defendants’ motion for summary judgment.