■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HERBERT J. REYNOLDS, Respondent. [762 NYS2d 683] —Crew III, J.P. Appeal from an order of the County Court of Essex County (Halloran, J.), entered October 17, 2002, which, inter alia, granted defendant's motion to suppress defendant's blood test results.

On January 21, 2002, defendant was involved in a head-on collision with a vehicle driven by Jack Shea in the Town of North Elba, Essex County. As a consequence, both defendant and Shea were transported to Adirondack Medical Center where Shea ultimately died. While at the hospital, defendant was placed under arrest for driving while intoxicated and was asked to consent to a blood test. Upon defendant's consent, a physician assistant authorized defendant's blood to be drawn. The blood test revealed an alcohol content of 0.15%.

Defendant thereafter was indicted and charged with, inter alia, vehicular manslaughter in the second degree and criminally negligent homicide. Following a suppression hearing, County Court, in a well-reasoned decision, suppressed the results of defendant's blood test, and this appeal by the People ensued.

Vehicle and Traffic Law § 1194 (4) (a) (1) (ii) provides that upon the request of a police officer, certain enumerated individuals may withdraw blood from a suspect at the direction and under the supervision of a physician. Here, the record makes plain that defendant's blood was drawn at the direction of a physician assistant, not a physician. For this reason, County Court suppressed the results of the blood test.

The People and amicus curiae, New York State Society of Physician Assistants, argue that pursuant to Education Law § 6542 (1), physician assistants, when practicing under the supervision of a physician, may do everything that the physician could do and, thus, the physician assistant ought to be able to direct and supervise the drawing of blood as provided by Vehicle and Traffic Law § 1194 (4) (a) (1) (ii). We acknowledge that this is a compelling policy argument inasmuch as the licensure of physician assistants was predicated upon the shortage of physicians and the need for the provision of health services that otherwise would be unavailable in many areas of the state (see Public Health Law § 3700). To the extent that

the statute, as written, fails to advance these objectives, the solution is not for this Court to adopt a strained interpretation of the statute but, rather, for the Legislature to adopt an appropriate amendment thereto (*cf. Desiderio v Ochs*, 100 NY2d 159, 173 [2003]). Vehicle and Traffic Law § 1194 (4) (a) (1) (i) is wholly unambiguous and must be enforced in accordance with its plain meaning.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed. [*See* 193 Misc 2d 697.]