■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SCOTT MILLER, Appellant. [793 NYS2d 231]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 29, 2001 in Albany County, convicting defendant upon his plea of guilty of the crimes of manslaughter in the second degree, vehicular manslaughter in the second degree and driving while intoxicated (two counts).

In the early morning hours of July 30, 2000, defendant, while driving on State Route 155 in the Town of Guilderland, Albany County, struck and killed a jogger. After failing some field sobriety tests, defendant was arrested for driving while intoxicated and taken to a local hospital where he consented to the withdrawal of blood for a chemical test to determine his blood alcohol level. Defendant was thereafter indicted for manslaughter in the second degree, vehicular manslaughter in the second degree and two counts of driving while intoxicated. Following a suppression hearing, defendant pleaded guilty to each count of the indictment and was sentenced as a second felony offender to a prison term of 7 to 14 years on the manslaughter conviction and various concurrent terms for the lesser offenses.

On appeal, defendant first asserts that the suppression court erred by excluding evidence concerning the manner in which his blood was withdrawn. Vehicle and Traffic Law § 1194 (4) (a) (1) enumerates the persons who, at the request of a police officer, may draw blood from a suspect. If blood is not drawn in accordance with this statute, even if defendant has consented to the withdrawal of his blood, the results of the blood test must be suppressed (*see People v Reynolds*, 307 AD2d 391 [2003], *lv denied* 1 NY3d 578 [2003]).

Defendant's suppression motion sought to suppress the blood

test results or, in the alternative, a *Mapp* hearing. Before any testimony was taken at the suppression hearing,* the prosecutor argued that it was the People's position that it was not necessary to introduce any evidence concerning how the blood specimen was withdrawn. Defense counsel disagreed, contending that the procedure itself had to be reviewed. Supreme Court ruled in favor of the People and, as a result, no evidence concerning the withdrawal of the blood was introduced, except for the police officer's statement that a "nurse" withdrew the blood. Whether this individual was a registered professional nurse, one of the enumerated persons eligible to withdraw blood, cannot be determined from this record. Accordingly, the appeal must be held in abeyance and the matter remitted for a new suppression hearing on this issue. Defendant's remaining claims, consequently, will not be addressed at this time.

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

---

* As a hearing was held, the issue raised by the People concerning the facial sufficiency of the factual allegations contained in the motion papers is not before us (*see e.g.* CPL 710.60 [3] [b]; *People v Mendoza*, 82 NY2d 415, 421, 426-427 [1993]).