(September 15, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SCOTT MILLER, Appellant. [800 NYS2d 782]—

Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 29, 2001 in Albany County, convicting defendant upon his plea of guilty of the crimes of manslaughter in the second degree, vehicular manslaughter in the second degree and driving while intoxicated (two counts).

In accordance with our prior decision (17 AD3d 708 [2005]), Supreme Court held a hearing at which it was established that the blood sample taken following defendant's arrest was withdrawn by a registered nurse. In his supplemental brief, defendant asserts that the blood test results must nevertheless be suppressed since the blood sample was not withdrawn at the request of a police officer (see Vehicle and Traffic Law § 1194 [4] [a] [1]) and defendant was not advised of his right to have an additional chemical test by a physician of his choosing (see Vehicle and Traffic Law § 1194 [4] [b]). Defendant's first assertion is belied by the cross-examination testimony of an investigator with the Town of Guilderland Police Department who testified at the suppression hearing that he requested the nurse withdraw the blood sample. Second, although defendant has a right to the administration of a chemical test by a physician of his choosing (see Vehicle and Traffic Law § 1194 [4] [b]), the statute imposes no burden on the police to advise a defendant of this right (see People v Finnegan, 85 NY2d 53, 57-59 [1995]; People v Alvarez, 70 NY2d 375, 381 [1987]; People v Cegelski, 142 Misc 2d 1023, 1024 [1989], lv denied 74 NY2d 846 [1989]). Thus, we now find no error in Supreme Court's denial of defendant's motion to suppress the results of the blood test.

Next, we find no error in Supreme Court's refusal to suppress oral statements made by defendant at the scene of the accident prior to his arrest. We agree that under the circumstances then existing, no reasonable person would have thought that he was in police custody (see People v Yukl, 25 NY2d 585, 589-591 [1969]) and the statements made by defendant resulted from investigative questioning (see People v Tankleff, 84 NY2d 992, 994 [1994]) or were spontaneously made by defendant during the performance of field sobriety tests.

Lastly, defendant asserts that the sentence imposed was harsh and excessive in view of his overwhelming and sincere remorse. As the sentence imposed is within the statutory parameters for this second felony offender (see Penal Law § 70.06) and we find neither a clear abuse of discretion nor the presence of extraordinary circumstances (see People v Perkins, 5 AD3d 801, 804 [2004]; People v Johnson, 307 AD2d 384, 385 [2003], lv denied 1 NY3d 574 [2003]), we decline to modify it.

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.