(February 28, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY STEINHILBER, Appellant. [852 NYS2d 437]—

Carpinello, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered January 13, 2006 (1) upon a verdict convicting defendant of the crime of driving while intoxicated (two counts) and (2) convicting defendant following a nonjury trial of the crime of aggravated unlicensed operation of a motor vehicle in the first degree.

Defendant was involved in a one-car accident in the Town of Shawangunk, Ulster County, on the evening of June 24, 2004. A state trooper responded to the scene and asked defendant, who was injured but still conscious, a few questions. After confirming his identity, defendant informed the trooper that he was on route home from a bar. The trooper then asked him how much alcohol he drank at the bar and defendant indicated that he had consumed 10 beers. After defendant was transported to the hospital and at the request of another state trooper, a surgical resident on duty in the emergency room drew blood from him revealing a blood alcohol content of 0.13%. Based on this evidence, a jury found defendant guilty of two counts of driving while intoxicated. Following a subsequent nonjury trial, he was also found guilty of aggravated unlicensed operation of a motor vehicle in the first degree. Sentenced to concurrent prison terms of 1¹/₃ to 4 years, defendant appeals. We affirm.

Defendant claims that the jury verdict finding him guilty of driving while intoxicated was against the weight of the evidence. This argument is premised on the contention that his blood test results and his statement to the trooper at the scene of the accident were improperly admitted into evidence. Since neither of these contentions has merit, his attack on the verdict as being against the weight of the evidence likewise fails.

Contrary to defendant's contention, the surgical resident who drew his blood was qualified to do so since he had received a medical degree in 2003, had passed all of his board examinations and was practicing medicine under the umbrella of an attending physician. He was therefore a "physician" generally (*see Indemini v Beth Israel Med. Ctr.*, 4 NY3d 63, 67 [2005] ["(a) medical resident is undoubtedly a physician"]; *compare* Education Law § 6522 *with* Education Law §§ 6525, 6526 [1]) and one qualified to draw blood under Vehicle and Traffic Law § 1194 (4) (a) (1) (*see People v Stanton*, 33 Misc 2d 921 [1962]). Although this resident was not yet licensed at the time, the Legislature has long since dispensed with the requirement that a physician be licensed to qualify as a person authorized to draw blood under this statute (Vehicle and Traffic Law former § 71-a, as amended by L 1954, ch 320). Accordingly, we find no error in County Court's denial of defendant's motions to suppress the blood test results (*see People v Miller*, 21 AD3d 1146 [2005], *lv denied* 5 NY3d 854 [2005]; *compare People v Reynolds*, 307 AD2d 391 [2003], *lv denied* 1 NY3d 578 [2003]).

Next, defendant was neither in custody nor being interrogated when the trooper responded to the accident and briefly spoke with him at the scene to ascertain his identity and investigate the circumstances surrounding the accident (*see People v Miller, supra; People v Noonan*, 220 AD2d 811 [1995]; *People v Hanna*, 185 AD2d 482 [1992], *lv denied* 80 NY2d 930 [1992]; *People v Palmiere*, 124 AD2d 1016 [1986]; *People v DeBlase*, 142 AD2d 926 [1988]; *People v Hennigan*, 135 AD2d 1082 [1987]; *People v Aia*, 105 AD2d 592 [1984]; *People v Brown*, 104 AD2d 696 [1984], *lv denied* 64 NY2d 778 [1985]; *see also People v Tankleff*, 84 NY2d 992, 994 [1994]; *People v Huffman*, 41 NY2d 29, 32-34 [1976]; *People v Yukl*, 25 NY2d 585, 589-591 [1969]). Thus, defendant was not entitled to suppression of the statements he made at the scene based on the absence of *Miranda* warnings. Finally, given his extensive, persistent and varied criminal history dating back to 1975, which includes a term in prison and numerous alcohol-related offenses, we are unpersuaded that his sentence was harsh or excessive and find no extraordinary circumstances warranting a reduction in the interest of justice (*see e.g. People v Hammond*, 35 AD3d 905 [2006], *lv denied* 8 NY3d 946 [2007]; *People v Beyer*, 21 AD3d 592, 595 [2005], *lv denied* 6 NY3d 752 [2005]; *People v Redeye*, 8 AD3d 829 [2004]; *People v Kirkland*, 2 AD3d 1063, 1063-1064 [2003]; *People v Arnold*, 2 AD3d 975, 975-976 [2003], *lv denied* 1 NY3d 594 [2004]).

Peters, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.