People v Gomez (2025 NY Slip Op 51944(U))

[*1]

People v Gomez (Teodoro)

2025 NY Slip Op 51944(U) [87 Misc 3d 133(A)]

Decided on December 11, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2025
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Perez, Alpert, JJ.

570314/19

The People of the State of New
York, Respondent,
againstTeodoro Salgado Gomez,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Steven J. Hornstein, J. at suppression hearing; Margaret W. Martin, J. at
plea and sentencing), rendered April 17, 2019, convicting him, upon his plea of guilty, of
driving while intoxicated, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven J. Hornstein, J. at suppression hearing; Margaret W.
Martin, J. at plea and sentencing), rendered April 17, 2019, affirmed.
The court properly denied defendant's suppression motion. There is no basis for
disturbing the court's credibility determinations (see People v Prochilo, 41 NY2d
759, 761 [1977]). The testimony of the arresting officer that he arrived at the scene of a
three car accident, observed defendant's watery eyes and slurred words; and that
defendant admitted to him that he drove one of the vehicles and had been drinking, was
sufficient to establish probable cause for defendant's arrest for driving while intoxicated
(see People v Johnson, 140 AD3d 978, 979 [2016], lv denied 28 NY3d
931 [2016]). The officer's questioning of defendant at the scene to ascertain pedigree
information and investigate the circumstances surrounding the accident was investigatory
and not custodial (see People v Steinhilber, 48 AD3d 958, 959 [2008], lv
denied 10 NY3d 871 [2008]).
Defendant's contention that the results of the breathalyzer test should have been
suppressed is without merit. The record reflects that defendant expressly and voluntarily
consented to the administration of the test (see People v Badia, 130 AD3d 744,
745 [2015], lv denied 26 NY3d 1085 [2015]). Defendant consented verbally and
then signed the "Intoxicated Driver Examination - Blood" consent form. Defendant also
confirmed his consent to taking the test during his conversation with the Spanish
speaking nurse who performed the blood draw at the hospital. Although defendant was in
custody at the hospital, there was no evidence to suggest that the officers engaged in any
form of implicit or overt coercion in securing defendant's consent or that defendant was
so intoxicated that he was unable to understand what he was being asked to do or to
consent to having it done (see People v Mojica, 62 AD3d 100, 114 [2009], lv
denied 12 NY3d 856 [2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: December 11, 2025