■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL GREEN, Appellant.—Judgment, Supreme Court, New York County (Bernard Fried, J., at jury trial and sentence), rendered February 21, 1990, convicting defendant of driving while intoxicated as a felony, and criminal possession of a controlled substance in the seventh degree, and sentencing him to pay a fine of $500 and serve six months imprisonment plus five years probation, and three years probation, respec-

tively, to be served concurrently, with conditions to the probation sentences of 500 hours of community service, resolution of all of defendant's outstanding traffic summonses with the New York State Department of Motor Vehicles, completion of an alcohol/drug abuse counseling program, and revocation of defendant's driving privileges during the period of probation unless specifically authorized by the court, unanimously affirmed. The matter is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

We reject defendant's argument that the trial court did not adequately explain the standard of proof to the jury, on the alleged ground that the evidence presented in this case was wholly circumstantial and thus, that the trial court erred in failing to give a circumstantial evidence charge. Initially, we note that defendant did not either request a circumstantial evidence charge, or object that such a charge was not given. Thus, defendant has failed to preserve the issue for appellate review as a matter of law (CPL 470.05 [2]). In any event, evidence adduced at trial was that police officers responding to a radio run of an automobile accident at Seventh Avenue and West 123rd Street, in Manhattan, found defendant behind the wheel of his still-running automobile, the front of which was crushed against the side of a parked automobile. Reaching into defendant's car to turn off the engine and inquire as to defendant's well being, the arresting officers recovered a half-burned PCP cigarette from defendant's lap. The officers also observed that defendant had the odor of alcohol on his breath, his gait was unsteady, his eyes were watery, and his pupils were dilated. Defendant's speech initially was incomprehensible, and gradually improved to "slurred". Viewing this evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), evidence of defendant's guilt of driving while intoxicated by alcohol and criminal possession of a controlled substance was overwhelming, and the case against defendant was proven by the People through direct evidence, beyond a reasonable doubt *(see, People v Bleakley,* 69 NY2d 490). In this factual context, a circumstantial evidence charge was not required *(see, People v Devonish,* 159 AD2d 320, *lv denied* 76 NY2d 733), and a review of the trial court's charge on standard of proof indicates that the correct standard was conveyed to the jury *(see, e.g., People v Thomas,* 50 NY2d 467).

We also reject defendant's claim of ineffective assistance of counsel on the grounds of defense counsel's failure to request a circumstantial evidence charge, and to offer a defense other

than one pitting credibility of the People's witnesses against an eyewitness who testified on behalf of defendant that defendant was not driving the car, nor drinking or using drugs at the time in question. The record reveals that defendant's counsel made appropriate pre-trial and trial motions and applications, conducted extensive cross-examination of the People's witnesses, requested and obtained appropriate jury charges, and vigorously pursued a defense suggesting that the People's witnesses were either mistaken or incredible. That the defense was not fully successful (defendant was acquitted of the charge of driving while ability was impaired by use of drugs) is not an indication of ineffective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

Finally, we reject defendant's claim of excessive sentence in the circumstances. The trial court duly considered all available sentencing data, including comments by counsel, by defendant, and by character references for defendant; the circumstances of the instant case; the probation report; and defendant's five prior convictions (from 1985 through 1988) for driving while intoxicated or ability impaired by alcohol or drugs. The court noted defendant's obvious failure to benefit from nonjail sentences imposed in the past, rejected a permissible sentence of four years imprisonment, and imposed a sentence considerably more favorable to defendant than requested by the People. In such circumstances, we perceive no abuse of discretion by the trial court in imposing sentence herein *(see, e.g., People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951). Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.