■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KAVANAUGH, Appellant. [625 NYS2d 1] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered March 11, 1992, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 25 years to life, unanimously affirmed.

The hearing court correctly held that the identification of defendant from his driver's license photograph, which defendant inadvertently left at the crime scene, was a chance "observation", not a "police-initiated, *identification* procedure", and therefore not within the scope of CPL 710.30 *(People v Peterson,* 194 AD2d 124, 128, *lv denied* 83 NY2d 856). Indeed, when the police officer showed the photograph to the complainant, he had no idea who the perpetrator was and would not have been able to single him out *(see, People v Harrell,* 151 Misc 2d 803, 810). Defendant's claim that such prior photographic identification was, apart from the lack of CPL 710.30 notice, inadmissible in any event, is unpreserved for appellate review, and we decline to review it in the interest of justice. If we were to review it, we would find that any error in the admission of such identification was harmless in view of the strength of the complainant's in-court identification. The trial court did not abuse its discretion in prohibiting defendant from cross-examining the complainant on his HIV status unless defendant first took the stand and testified to facts showing the relevance of this fact. By such ruling, the trial court properly discouraged undue speculation, promoted clarity in the development of the proof, and avoided a risk of undue prejudice to the complainant *(see, People v Smith,* 204 AD2d 140, 141; *People v George,* 197 AD2d 588, 589, *lv denied* 83 NY2d 852).

We have considered the defendant's remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Carro, Nardelli, Williams and Tom, JJ.