■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL BURGOS, Appellant. [631 NYS2d 336] —Judgment, Supreme

Court, Bronx County (Phylis Skloot Bamberger, J.), rendered November 19, 1992, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, assault in the second degree (two counts), and reckless endangerment in the first degree, sentencing him to concurrent terms of 5 to 15 years on the weapon count and $2^1/3$ to 7 years on the remaining counts, unanimously affirmed.

Evidence at the hearing was that defendant shot in the direction of the fleeing victim with whom he had gotten into an argument, hitting that person as well as a bystander. As police responded within seconds, a witness immediately climbed into the patrol car and led the officers in the direction of the fleeing suspects, who, although they had momentarily passed out of the witness's sight, were apprehended within a few moments. During this brief chase, the officers concentrated on following the witness's directions, and did not even take time to record information about the witness himself, although they did receive from him a brief and sufficient description of the suspects before he pointed out defendant. We find that this identification was the result of a "witness-initiated procedure" in which the officers acted at the witness's direction within short spatial and temporal limits, rather than a "police-arranged procedure" such as might occur in a more extended canvass of a neighborhood during which direction over the search would gravitate increasingly to the police (*cf., People v Dixon,* 85 NY2d 218, 223, citing *People v Rios,* 156 AD2d 397). The witness's momentary entry into a police car, and the subsequent short pursuit to apprehend the suspects in the direction of flight specified by the witness when the suspects momentarily passed out of the witness's direct line of sight, should not convert what was a witness-initiated procedure into a "canvassing of the crime area", held to be police-arranged in *Dixon (supra,* at 223). Since the identification was not police arranged, CPL 710.30 notice of that identification was not required (*People v Kavanaugh,* 207 AD2d 719, *lv denied* 84 NY2d 937).

Defendant's challenge to the hearing court's finding of independent source to support the in-court identification of one of the victims is meritless.

We find no basis to disturb the sentencing court's exercise of discretion. Concur—Sullivan, J. P., Rubin, Kupferman, Asch and Nardelli, JJ.