■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE S. CRANDALL, Appellant. [731 NYS2d 553] —Spain, J. Appeal from a judgment of the County Court of Schenectady County (Halloran, J.), rendered December 23, 1999, upon a verdict convicting defendant of the traffic infractions of driving while ability impaired by alcohol and failure to obey a traffic control signal.

Defendant was charged by indictment with the crime of driving while intoxicated and the traffic infraction of failing to obey a traffic control signal, i.e., failing to stop at a red light. Following a jury trial, he was found not guilty of driving while intoxicated but guilty of the lesser included offense of driving

while ability impaired by alcohol (Vehicle and Traffic Law § 1192 [1]) and failing to obey a traffic control signal (Vehicle and Traffic Law § 1111 [d]). County Court thereafter sentenced defendant to 15 days in jail, imposed a $500 fine and suspended defendant's license for 90 days in connection with his conviction for driving while ability impaired. The court also imposed a $50 fine for the red light infraction. Defendant appeals.

We affirm. Initially, we are unpersuaded by defendant's contention that the evidence was legally insufficient to support his conviction of driving while ability impaired.* Specifically, defendant asserts that the People failed to prove that he had consumed any alcohol. The evidence adduced at trial indicates that on or about February 7, 1999, an eyewitness observed defendant driving erratically in the Town of Niskayuna, Schenectady County. The eyewitness, who was driving in a vehicle behind that of defendant, testified that he telephoned 911 from his mobile phone to report his observations. Shortly thereafter, a police officer in the vicinity saw a vehicle—matching the description given by the 911 caller—drive through a red light. The officer pulled the vehicle over and, upon asking defendant to produce his license and registration, detected the odor of an alcoholic beverage on defendant's breath and noted that his eyes were bloodshot and his speech was slurred. When asked by the officer whether he had been drinking, defendant responded that he had consumed four beers that evening. The officer also testified that defendant was unable to properly perform the field sobriety tests which he had administered at the scene.

Viewing the evidence in a light most favorable to the People, we find that it was legally sufficient to permit a rational trier of fact to conclude—based upon reasonable, permissible inferences—that defendant had consumed alcohol and that all the elements of the traffic infraction of driving while ability was impaired by alcohol were established beyond a reasonable doubt (see, Vehicle and Traffic Law § 1192 [1]; People v Taylor, 94 NY2d 910, 911-912; People v Contes, 60 NY2d 620, 621; People v Green, 174 AD2d 511, 512, lv denied 78 NY2d 1011; People v Scallero, 122 AD2d 350, 351-352). Further, viewing the evidence in a neutral light, and according deference to the fact finder's ability to observe witnesses and evaluate their credibility (see, People v Bleakley, 69 NY2d 490, 495; People v Knapp, 272 AD2d 637, 638-639), we cannot say that the jury failed to give the evidence the weight it should have been accorded. While defendant offered contradicting proof, it was within the province of the jury to accept or reject such proof.

---

* Defendant does not challenge his conviction for the red light infraction.

Finally, we reject defendant's contention that County Court erred when it refused to charge the jury that the facts giving rise to defendant's guilt had to satisfy the "moral certainty" standard. Defendant's admission that he had consumed four beers, together with police testimony regarding defendant's condition and demeanor and the eyewitness testimony regarding his erratic driving, constituted direct evidence of his impaired ability to operate his vehicle (*see, People v Heidorf*, 186 AD2d 915, 916; *People v Green, supra*; *People v Scallero, supra*). Inasmuch as both direct and circumstantial evidence were present, defendant was not entitled to a circumstantial evidence charge (*see, People v Merrick*, 188 AD2d 764, 765, *lv denied* 81 NY2d 889; *People v Heidorf, supra*).

We have considered defendant's remaining contentions and find that they are either unpreserved for our review or without merit.

Cardona, P. J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.