(April 17, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY C. PIERORAZIO, Appellant. [759 NYS2d 224] —Peters, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered November 27, 1996, upon a verdict convicting defendant of the crimes of arson in the second degree and burglary in the second degree.

Testimony at trial, combined with defendant's written confession admitted into evidence, established that on April 20, 1996 at approximately 4:00 A.M., defendant and a companion went to a party at a college fraternity house in the City of Plattsburgh, Clinton County, where a heated verbal exchange ensued between defendant and one of the fraternity brothers. After a request for defendant and his companion to leave, an argument occurred between defendant and an alumnus fraternity brother, James Dvorsky, during which Dvorsky twice slapped defendant in the face. Thereafter, as he walked away, defendant advised, "I'll be back. You have not seen the last of me."

Two fraternity members, Jason Kinsey and Matthew Yager, remained outside to insure that defendant would not return. About five minutes later, Yager and Kinsey spotted defendant approaching the house. When told by Yager to leave, defendant replied, "I want to get that one guy. You understand its my pride." After speaking further with Yager and Kinsey, defendant left.

At approximately 5:30 A.M., residents of the fraternity house smelled smoke and called 911. In extinguishing a fire in the basement, police and fire officials found its cause suspicious because leaves and grass clippings were scattered thereabout, a smoldering foam cushion was stuffed in the woodwork and numerous bags with leaves were left on the back porch of the residence, stuffed into closets and propped up against the doorway.* After questioning fraternity members and alumni who were present at the party, Detective Desmond Racicot went to defendant's residence and requested that he accompany him to the police station for questioning. After receiving his *Miranda* warnings, defendant admitted, among other things, that he went back to the fraternity house alone and brought

---

* Testimony revealed that the day before, the fraternity brothers had cleaned the fraternity house, including the basement.

bags of leaves from the road to its back porch and stuffed them into closets, the basement and other locations around the residence before igniting them in the basement. He believed that before he left, he set off a sprinkler system. This oral statement was reduced to a writing which, after being proofread and corrected by defendant, was completed and signed.

Upon appeal, defendant contends that the verdict finding him guilty of arson in the second degree and burglary in the second degree was against the weight of the evidence since the testimony of the People's witnesses left him with only 18 minutes to collect the bags of leaves and start the fire in the basement. Arguing that the case rests entirely upon his written statement and evidence of motive, defendant asserts that with the absence of fingerprint or other physical evidence connecting him to the fire, the verdict should be set aside. Further, he contends that his confession was concocted by the police and that such assertion is supported by its factual inconsistencies, i.e., no sprinkler system existed in the basement and his confession failed to describe his second interaction with Yager and Kinsey.

In determining whether the weight of the evidence supports the jury's verdict, we must independently review the evidence and, if a different result would not have been unreasonable, " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]). Upon such review, according deference "to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley, supra* at 495), if we find that the trier of fact has failed to give the evidence the weight that it should be accorded, we may set it aside.

While we note minor inconsistencies between defendant's confession and the evidence revealed at trial, the weight of the evidence, nonetheless, supports the verdict. Defendant's confession was sufficiently corroborated by the trial evidence; such evidence need not corroborate every detail of the confession (*see People v Krug*, 282 AD2d 874, 879 [2001], *lv denied* 98 NY2d 652 [2002]).

Nor do we find merit to defendant's contention that County Court failed to convey to the jury that an adverse inference should not be made because of defendant's choice not to testify at trial. The court stated that defendant's failure to testify "is not a factor from which any inference unfavorable to the

defendant," but neglected to include "may be drawn." Such omission does not constitute reversible error when defendant failed to draw the error to the court's attention so that it could be corrected (*see People v Whalen*, 59 NY2d 273, 280 [1983]; *People v Hall*, 124 AD2d 336, 338 [1986], *lv denied* 69 NY2d 746 [1987]). Having failed to object, the issue is now unpreserved. Were we to consider it, we would conclude that County Court's failure to complete the CPL 300.10 (2) language did not render the whole of the statement ineffective.

Finally, we have reviewed defendant's CPL 710.30 assertion and conclude that the People provided proper notice of their intent to use defendant's statement at trial. Consequently, we affirm.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

