■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER STANTON, Appellant. [799 NYS2d 342]—

Crew III, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered September 19, 2002, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts), assault in the second degree and unlawful imprisonment in the second degree.

Defendant was indicted and charged with two counts of rape in the first degree, two counts of sodomy in the first degree, two counts of sexual abuse in the first degree, assault in the second degree and unlawful imprisonment in the second degree as the result of defendant beating and sexually assaulting his former wife. Following a jury trial, defendant was acquitted of those counts of the indictment charging rape and sodomy and convicted of those counts charging sexual abuse, assault and unlawful imprisonment. As a consequence, defendant was sentenced to terms of imprisonment of seven years for each of the felony convictions and a sentence of one year for unlawful imprisonment, said sentences to run concurrently.

Defendant contends that the verdicts acquitting him of rape and convicting him of sexual abuse are repugnant in that County Court charged, with regard to each count, that the jury must find penetration. In this regard, we need note only that the repugnancy claim was not raised before the jury was discharged and, therefore, was not preserved for our review, and we decline to do so in the interest of justice (*see e.g. People v Alfaro,* 66 NY2d 985, 987 [1985]).

With regard to defendant's contention that County Court erred in failing to give a circumstantial evidence charge, we again note that counsel failed to object to the alleged error rendering the issue unpreserved for our review (*see generally People v Pierorazio,* 304 AD2d 973, 974-975 [2003], *lv denied* 100 NY2d 585 [2003]). In any event, were we to consider the issue, we would find it without merit inasmuch as the charges here are supported with both circumstantial and direct evidence and, under such circumstances, the court was not required to give a circumstantial evidence charge (*see e.g. People v Lewis,* 300 AD2d 827, 829 [2002], *lv denied* 99 NY2d 630 [2003]).

Finally, we do not perceive defendant's sentence to have been harsh and excessive considering the nature of the offenses and defendant's extensive criminal history. We have considered defendant's remaining contentions, including his assertion that the verdict was not supported by legally sufficient evidence, and find them equally without merit.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.