■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. DONALDSON, JR., Appellant. [848 NYS2d 719]—

Cardona, P.J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered July 17, 2006, upon a verdict convicting defendant of the crime of driving while intoxicated.

Defendant was convicted of driving while intoxicated after a jury trial. On this appeal, he contends that County Court erred in its *Sandoval* ruling and in denying his request to allow the jury to spray his Primatine Mist during deliberations. He further argues that his prison sentence of 2⅓ to 7 years is harsh and excessive.

With regard to the *Sandoval* ruling, we find that, regardless of its remoteness in time, defendant's 14-year-old attempted robbery conviction is probative of his character for truthfulness (*see People v Walker*, 83 NY2d 455, 459 [1994]; *People v Trichilo*, 230 AD2d 926, 928 [1996], *lv denied* 89 NY2d 931 [1996]), as are the five theft-related convictions allowed by County Court (*see People v Tarver*, 292 AD2d 110, 116-117 [2002], *lv denied* 98 NY2d 702 [2002]). Because the court properly concluded that the probative value of these convictions outweighed their prejudicial effect (*see People v Sandoval*, 34 NY2d 371 [1974]), we find defendant's claim of reversible error unpersuasive.

We also do not agree with defendant's contention that County Court committed reversible error by denying his request to permit the jury to spray his Primatine Mist in the jury room. Defendant claims that had the jury been allowed to smell that spray, they might have concluded that the officer who stopped defendant's car on the night in question actually smelled that medicine, instead of alcohol, on defendant's breath. However, even assuming that the court erred, the overwhelming evidence of defendant's intoxication at the time of his arrest—including the testimony of three police officers that defendant's speech was slurred, that he was staggering and holding on to his vehicle to keep his balance, that he failed three field sobriety tests and that he refused both a breathalyzer and a blood test—renders any error harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Beyer*, 21 AD3d 592, 594-595 [2005], *lv denied* 6 NY3d 752 [2005]; *People v Gallup*, 302 AD2d 681, 683 [2003], *lv denied* 100 NY2d 594 [2003]).

Finally, considering defendant's extensive criminal history, including two prior convictions for driving while intoxicated, we are not persuaded to disturb the sentence imposed by County Court (*see People v Hamm*, 29 AD3d 1158, 1160 [2006], *lv denied* 7 NY3d 848 [2006]; *People v Gallup*, 302 AD2d at 684-685).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.