■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL COOLEY, Appellant. [891 NYS2d 681]—

Rose, J.

Defendant's sole contention on appeal from her conviction of two counts of felony driving while intoxicated and a traffic violation is that County Court was required, but failed, to give the jury a circumstantial evidence instruction. This issue is not preserved for our review, however, because the defense neither requested such a charge nor objected to its omission from the jury instructions (*see People v Ryan*, 46 AD3d 1125, 1127-1128 [2007], *lv denied* 10 NY3d 939 [2008]; *People v Stanton*, 21 AD3d 576, 577 [2005]; *People v Wallace*, 8 AD3d 753, 756 [2004], *lv denied* 3 NY3d 682 [2004]; *see also* CPL 470.05 [2]). Even if we were to consider it, the testimony that defendant had admitted that she was going too fast around a corner before her vehicle left the road and rolled over constituted direct evidence of her operation of the vehicle (*see People v Casper*, 42 AD3d 887, 888 [2007], *lv denied* 9 NY3d 990 [2007]). In any event, a circumstantial evidence charge must be given only where all the evidence presented as to every element of the criminal charge is circumstantial, and here there was direct evidence of the element of intoxication (*see People v Daddona*, 81 NY2d 990, 992 [1993]; *People v Allen*, 1 AD3d 947, 948 [2003], *lv denied* 1 NY3d 594 [2004]; *People v Struss*, 228 AD2d 711, 714 [1996], *lv denied* 89 NY2d 867 [1996]).

Peters, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.