■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS P. KING, Appellant. [910 NYS2d 238]—

Garry, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 20, 2008, upon a verdict convicting defendant of the crimes of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.

In March 2006, a state trooper responding to the scene of a motor vehicle accident in the Town of Saugerties, Ulster County found several individuals standing near a vehicle that had left the road and struck a telephone pole. One of these people, a young man, told the trooper that defendant had been the operator of the wrecked vehicle, had returned to his nearby residence immediately after the accident, and had asked the young man to go to the scene and tell police that he, rather than defendant, had been driving the vehicle. A second trooper went to defendant's residence, spoke with him there, and returned with him to the accident scene.

The first trooper testified that after he arrived at the scene, defendant admitted that he was the driver and had been drinking before the accident. Both troopers testified that defendant smelled of alcohol, slurred his speech, and had glassy, bloodshot eyes. Defendant was given field sobriety tests, several of which he failed, and a portable breath screen test which indicated the presence of alcohol. He was then arrested for driving while intoxicated and transported to State Police barracks, where he was given driving while intoxicated and *Miranda* warnings followed by a breathalyzer test revealing a blood alcohol content of .17%.

Defendant was indicted on two counts of driving while intoxicated and one count of aggravated unlicensed operation of a motor vehicle in the first degree. During a suppression hearing, defendant raised, among other things, *Payton* and *Miranda* arguments. County Court denied the motion to suppress in its entirety. After a jury trial, defendant was convicted as charged and sentenced, respectively, to two concurrent prison terms of 2½ to 7 years and a term of incarceration of 1⅓ to 4 years. He now appeals.

Defendant contends that the verdict was not supported by the weight of the evidence. In evaluating this claim, this Court must "view the evidence in a neutral light and, if a conclusion contrary to guilt would not be unreasonable . . . then weigh the relative probative force of any conflicting testimony and the relative strength of conflicting inferences that may be drawn therefrom" (*People v Trumbach*, 31 AD3d 1054, 1055 [2006], *lv denied* 10 NY3d 772 [2008]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant argues that the jury failed to accord appropriate weight to testimony supporting his claim that he did not become intoxicated until *after* the accident occurred. During his testimony, defendant conceded that he had asked the young man to lie on his behalf in order to conceal the fact that he had been driving, but asserted that he had done so not because he was intoxicated but because he did not have a valid driver's license. He testified that he drank only one 12-ounce beer several hours before the accident and consumed no more alcohol until after the accident, when he drank three more beers and about two shots of Jack Daniels before his return to the scene. The young man testified that defendant did not appear intoxicated immediately after the accident, and that later that evening it appeared that his supply of Jack Daniels, kept at the residence he shared with defendant, was depleted. Based on this testimony, a verdict inconsistent with guilt would not have been unreasonable. However, the People presented substantial con-

tradictory evidence, including the troopers' testimony that defendant initially denied that he had been drinking at home, admitted at the accident scene that he had been drinking and driving, and did not claim that he became intoxicated after the accident until after the breathalyzer test was administered. "[W]e accord great deference to the jury's conclusions regarding the credibility of witnesses and the weight to be given their testimony" (*People v Scott*, 47 AD3d 1016, 1017 [2008] [internal quotation marks and citations omitted], *lv denied* 10 NY3d 870 [2008]). It was not unreasonable for the jury to resolve the credibility issues thus presented against defendant, particularly in light of his inconsistent accounts of the night's events and his admission that he had asked the young man to lie on his behalf (*see People v Smith*, 27 AD3d 894, 896-897 [2006], *lv denied* 6 NY3d 898 [2006]; *People v Massey*, 45 AD3d 1044, 1046-1047 [2007], *lv denied* 9 NY3d 1036 [2008]). We therefore find that the verdict was not against the weight of the evidence.

Defendant further contends that he did not receive the effective assistance of counsel. To establish this claim, he was required to " 'demonstrate that his attorney failed to provide meaningful representation' " (*People v Somerville*, 72 AD3d 1285, 1288 [2010], quoting *People v Caban*, 5 NY3d 143, 152 [2005]). Contrary to defendant's claim that his attorney did not effectively address the allegedly coercive entry of a trooper into his home, counsel made a vigorous *Payton* argument at the close of the suppression hearing and renewed it at trial.* As to the trial testimony of a witness who purportedly would have testified to his sobriety before the accident, the record reveals that defendant himself declined to call the witness. Counsel made appropriate efforts on defendant's behalf throughout the proceedings, including objections to the admissibility of defendant's statements on *Miranda* and notice grounds (*see* CPL 710.30 [1]) and extensive examination and cross-examination during the trial. "Under the totality of the circumstances and being mindful that we must avoid confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (*People v Jones*, 70 AD3d 1253, 1256 [2010] [internal quotation marks and citations omitted]), we conclude that defendant received meaningful representation

---

* Defendant also claims that his testimony regarding lack of consent to the trooper's entry should have been presented at the suppression hearing. This testimony would not have affected the outcome. The trooper clearly did not enter the home "in order to make a routine felony arrest" (*Payton v New York*, 445 US 573, 576 [1980]); defendant was not arrested until after he voluntarily accompanied the trooper back to the accident scene and failed sobriety and breath tests.

(*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Colvin*, 37 AD3d 856, 857-858 [2007], *lv denied* 8 NY3d 944 [2007]).

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.