■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TINA ABARE, Appellant. [927 NYS2d 233]—

Garry, J.

In June 2009, defendant's neighbor observed defendant squirt or throw a clear liquid onto the first-floor porch of an apartment building and then make motions as if striking matches before fleeing the scene. The neighbor went to warn the residents of the first-floor apartment about what she had witnessed. This neighbor and the police, who arrived shortly thereafter, observed that the porch was wet and found matches, an empty matchbook, and an empty bottle of lighter fluid on and near the porch. Defendant was arrested and indicted on one count of attempted arson in the second degree. She was convicted by jury verdict and sentenced to five years in prison with three years of postrelease supervision. Defendant appeals.

Initially, defendant contends that her conviction was against the weight of the evidence because she lacked any motive to commit arson, and because two trial witnesses—a resident of the first-floor apartment and the neighbor—were not credible. As a different finding by the jury would not have been unreasonable, "this Court 'must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from

the testimony' " (*People v Shepherd*, 83 AD3d 1298, 1298 [2011], quoting *People v Romero*, 7 NY3d 633, 643 [2006]). As relevant here, "[a] person is guilty of arson in the second degree when he [or she] intentionally damages a building . . . by starting a fire, and when (a) another person who is not a participant in the crime is present in such building . . . at the time, and (b) the defendant knows that fact or the circumstances are such as to render the presence of such a person therein a reasonable possibility" (Penal Law § 150.15). Further, "[a] person is guilty of an attempt . . . when, with intent to commit a crime, he [or she] engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00).

The first-floor resident testified that she and defendant had argued, and that the police had responded to two calls she had made earlier that day reporting defendant's conduct. This witness further testified that she had been on the porch approximately 20 minutes before the subject incident, it had appeared dry, and there was not a lighter fluid bottle or matches in the vicinity at that time. The neighbor testified that she observed defendant squirt or throw a clear liquid onto the first-floor resident's porch and then make motions with her hands as if she was striking matches. When police arrived, they recovered matches, an empty matchbook and an empty bottle of lighter fluid from the porch, observed that the porch was wet, and smelled lighter fluid. Defendant denied having any arguments with the first-floor resident or that she·attempted to set fire to the porch. She described grilling food earlier in the day, attributing the presence of matches and lighter fluid on the porch to this activity. She admitted to drinking alcohol beginning in the early morning and continuing throughout the day. Defendant resided in the building at the time, and testified that she would not have tried to set a fire on the premises, as her belongings and her pets were in her apartment above. According great deference to the jury's credibility determinations (*see People v King*, 77 AD3d 1173, 1175 [2010]; *People v Clairmont*, 75 AD3d 920, 923 [2010], *lv denied* 15 NY3d 919 [2010]), we find that there was ample evidence of defendant's motive, an issue considered although not an element of the crime (*see People v Richardson*, 55 AD3d 934, 937 [2008], *lv dismissed* 11 NY3d 857 [2008]). Further, viewing all of the evidence in a neutral light, the verdict was supported by the weight of the evidence (*see People v Cardenas*, 79 AD3d 1258, 1261 [2010], *lv denied* 16 NY3d 857 [2011]).

Defendant's assertion that she was denied a fair trial by improper and prejudicial questioning during cross-examination

about her failure to proclaim to police that she was innocent prior to being arrested and a later reference during summation regarding her prearrest silence is, as she concedes, not preserved for our review. County Court's failure to give a curative instruction was error (*see People v De George*, 73 NY2d 614, 618-619 [1989]; *People v Conyers*, 52 NY2d 454, 458-459 [1981]; *People v Murphy*, 51 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 792 [2008]), but we decline to exercise our interest of justice jurisdiction, finding the error harmless in light of the overwhelming evidence of defendant's guilt (*see People v Watson*, 299 AD2d 735, 738 [2002], *lv denied* 99 NY2d 633 [2003]; *People v Ryan*, 240 AD2d 775, 777 [1997], *lv denied* 90 NY2d 910 [1997]).

Next, defendant claims that she was deprived of a fair trial because County Court improperly admitted hearsay. The People asked the first-floor resident what the neighbor said to her on the day of the incident but also stated, prior to any response, that the question was asked only to explain what the resident did after speaking to the neighbor. Similarly, a police officer testified as to a statement by the resident's paramour reporting that the neighbor said that defendant attempted to set the porch on fire. In both instances, we find that County Court properly overruled defendant's objections, finding that the statements were not offered for their truth but, instead, to explain the actions taken by the resident and the officer thereafter (*see People v Johnson*, 79 AD3d 1264, 1266-1267 [2010], *lv denied* 16 NY3d 832 [2011]). The court then also gave appropriate limiting instructions (*see People v Gregory*, 78 AD3d 1246, 1246 [2010], *lv denied* 16 NY3d 831 [2011]; *People v Machicote*, 23 AD3d 264, 265 [2005], *lv denied* 6 NY3d 777 [2006]). Defendant further argues that statements made by the first-floor resident and neighbor asserting that defendant had tried to set the fire were improperly admitted; these arguments are not preserved, as she failed to object during trial. In any event, we find that the error was harmless in light of the other evidence of defendant's guilt (*see People v Kello*, 96 NY2d 740, 744 [2001]; *People v Bertone*, 16 AD3d 710, 712 [2005], *lv denied* 5 NY3d 759 [2005]).

Defense counsel's failure to preserve these arguments for appellate review, as referenced above, or to request limiting instructions regarding the hearsay statements did not render the assistance of counsel per se ineffective (*compare People v Baltes*, 75 AD3d 656, 661 [2010], *lv denied* 15 NY3d 918 [2010]). The record reveals that counsel made appropriate pretrial motions, effectively cross-examined witnesses and presented a consistent and reasonable, although ultimately unsuccessful, defense. Considering the totality of the circumstances, we find

that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Phelan*, 82 AD3d 1279, 1283 [2011]).

Finally, we are unpersuaded that defendant's sentence was harsh and excessive. The permissible range was 3½ to 15 years; given defendant's criminal history and the serious nature of the crime, we find no abuse of discretion nor extraordinary circumstances warranting a reduction of the sentence imposed (*see People v Cardenas*, 79 AD3d at 1262). Defendant's alcohol abuse does not mitigate in her favor, "in light of [her] squandered opportunities to address [her] alcohol problem" in the past (*People v Elliot*, 57 AD3d 1095, 1097-1098 [2008], *lv denied* 12 NY3d 783 [2009]).

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.