Garry, J.
In August 2008, a State Trooper observed defendant driving a four-wheel, all-terrain vehicle (hereinafter ATV) in a parking lot in the Village of Hermon, St. Lawrence County without a helmet. After apparently seeing the trooper, defendant drove in the opposite direction and then onto a public highway. The trooper followed, until defendant pulled into a driveway and crossed a backyard. Shortly thereafter, the trooper found defendant lying in the middle of a nearby road, next to the overturned ATV Ice and cans of beer had spilled onto the road from a cooler that was on the ATV The trooper later testified that defendant smelled of alcohol, had poor coordination when walking, and admitted to consuming alcohol, though without clearly indicating the amount. Defendant refused medical treatment, refused to submit to field sobriety tests, and twice refused to submit to a chemical test. He was arrested and charged with driving while intoxicated and several traffic violations. Following a jury trial, he was convicted upon the felony charge of driving while intoxicated and sentenced to 120 days in the local jail, *971 to be served on weekends, five years of probation, and revocation of his driving privilege. Defendant appeals.
Initially, defendant’s challenge to the legal sufficiency of the evidence supporting his conviction for driving while intoxicated (see Vehicle and Traffic Law § 1192 [3]) is unpreserved. Defendant made a general motion to dismiss at the close of the People’s case, and failed to renew this motion at the close of all evidence (see People v Lane, 7 NY3d 888, 889 [2006]; People v Fisher, 89 AD3d 1135, 1136 [2011], lv denied 18 NY3d 883 [2012]). However, defendant also asserts that the weight of the evidence does not support a finding that he was intoxicated, and we will evaluate the proof in that respect (see People v Dancy, 87 AD3d 759, 760 [2011]). In considering this claim, we view the evidence in a neutral light. If a different finding would not have been unreasonable, we then, like the trier of fact, “weigh the relative probative force of any conflicting testimony and the relative strength of conflicting inferences that may be drawn therefrom” (People v King, 77 AD3d 1173, 1174 [2010] [internal quotation marks and citations omitted]; see People v Romero, 7 NY3d 633, 643-644 [2006]).
At trial, the trooper testified that defendant appeared to see him and then drove away, making sharp turns, swerving, and driving in the wrong lane. In addition to defendant’s admission at the scene that he had consumed alcohol, the trooper and an emergency medical technician each testified that defendant smelled of alcohol and exhibited signs of intoxication, specifically, lack of coordination and delayed response to questioning. On defendant’s behalf, his nephew testified that defendant had consumed only one beer, and that the beer found at the scene belonged to him, not defendant. The nephew and defendant’s brother testified that defendant neither appeared to be intoxicated nor smelled of alcohol, and that defendant lost consciousness after the accident. They testified that there were problems with the ATV’s steering and that, immediately prior to the accident, the ATV kept veering off the road. A central theme of the defense was that defendant’s head injury accounted for his conduct and the observations of certain witnesses following the accident, rather than intoxication. The hospital records indicated that defendant “hit his head” and could not recall the accident. Although an emergency room triage nurse testified that the signs and symptoms of intoxication and head injury are similar, and that she had not noted a smell of alcohol, she also testified that she did not observe symptoms of a head injury. According deference to the jury’s credibility determinations, it was not unreasonable that they rejected the alternate theories *972 explaining defendant’s erratic driving and physical condition. We thus find that the proof established defendant’s intoxication, and the verdict was not against the weight of the evidence (see People v Swan, 90 AD3d 1146, 1148 [2011]; People v Johnson, 70 AD3d 1188, 1189-1190 [2010]).
Defendant further contends that he did not receive the effective assistance of counsel. To establish this claim, he is required to demonstrate that he was not provided “meaningful representation” and that there is an “ ‘absence of strategic or other legitimate explanations’ for counsel’s allegedly deficient conduct” (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Rivera, 71 NY2d 705, 709 [1988]; see People v Garrow, 75 AD3d 849, 852 [2010]). Defendant alleges multiple errors, but the record reveals that counsel was prepared and presented a plausible defense, made relevant objections during trial, gave cogent and consistent opening and closing statements, cross-examined witnesses, and made an appropriate posttrial motion (see People v Pinkney, 90 AD3d 1313, 1317 [2011]; compare People v Miller, 63 AD3d 1186, 1187-1188 [2009]). Although counsel erred in failing to renew the motion to dismiss, the motion would not have been compelling (see People v Winchell, 46 AD3d 1096, 1098 [2007], lv denied 10 NY3d 818 [2008]; see also People v May, 301 AD2d 784, 787 [2003], lv denied 100 NY2d 564 [2003]). Counsel did not err in failing to request a circumstantial evidence charge, as defendant’s admission constituted direct evidence of intoxication (see People v Setless, 289 AD2d 708, 709 [2001], lv denied 98 NY2d 640 [2002]; People v Crandall, 287 AD2d 881, 883 [2001], lv denied 97 NY2d 703 [2002]). Defendant’s remaining arguments relative to ineffective assistance of counsel present merely speculative disagreements with strategic choices, raised with the benefit of hindsight (see People v Flores, 84 NY2d 184, 187 [1994]; People v Richards, 78 AD3d 1221, 1225-1226 [2010], lv denied 15 NY3d 955 [2010]; see generally People v Miller, 63 AD3d at 1186-1188).
Peters, PJ., Lahtinen, Spain and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.