■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COKER, Appellant. [995 NYS2d 287]—

Peters, P.J. Appeal from a judgment of the Supreme Court (Milano, J.), rendered June 21, 2013 in Schenectady County, upon a verdict convicting defendant of the crime of driving while intoxicated.

In the early morning hours of April 15, 2012, Kenneth Jacqueway was awoken by what "sounded like an explosion" outside his apartment in the City of Schenectady, Schenectady County. When he went to investigate, Jacqueway saw defendant standing near a black BMW that had crashed into a parked vehicle. According to Jacqueway, defendant requested that Jacqueway not call the police, disclosed that he had consumed approximately "nine drinks" and asked Jacqueway for another beer to thwart the results of any police-administered breathalyzer. When Jacqueway refused his requests, defendant fled on

foot. Police arrived at the scene soon thereafter and apprehended defendant approximately a block away, at which time they observed that defendant's speech was slurred, he was stumbling and an odor of alcohol was emanating from him.[1] Defendant refused to submit to a breathalyzer test and claimed that he was a passenger in the vehicle at the time of the collision. A visual inspection of the BMW, which was registered to defendant, revealed that only the driver-side air bag had deployed.

Charged by indictment with one count of driving while intoxicated, defendant moved to, among other things, preclude at trial any identification testimony based upon the People's failure to provide CPL 710.30 notice. Following a hearing, a Judicial Hearing Officer determined that the proffered identification evidence was not subject to the notice requirements of CPL 710.30, and County Court (Drago, J.) adopted that finding and denied defendant's motion. At the conclusion of the ensuing jury trial, defendant was convicted as charged and sentenced to 2 to 6 years in prison followed by five years of probation. He appeals, and we affirm.

We reject defendant's assertion that the integrity of the grand jury proceeding was impaired due to the presentation of inadmissible hearsay testimony (see CPL 210.35 [5]; *People v Huston*, 88 NY2d 400, 409 [1996]). One of the officers who responded to the scene testified before the grand jury that Jacqueway told him that "the driver of the vehicle was walking up the hill" and that defendant "was the only one in the vehicle." Those statements were not hearsay since they were admitted not for the truth of the matters asserted, but rather "to provide background information as to how and why the police pursued and confronted defendant" (*People v Tosca*, 98 NY2d 660, 661 [2002]; see *People v Jackson*, 100 AD3d 1258, 1261 [2012], *lv denied* 21 NY3d 1005 [2013]; *People v McCottery*, 90 AD3d 1323, 1325 [2011], *lv denied* 19 NY3d 975 [2012]; *People v Abare*, 86 AD3d 803, 805 [2011], *lv denied* 19 NY3d 861 [2012]; *People v Lester*, 83 AD3d 1578, 1579 [2011], *lv denied* 17 NY3d 818 [2011]). Furthermore, the People provided adequate limiting instructions to that effect on three separate occasions (see *People v Jackson*, 100 AD3d at 1261; *People v McCottery*, 90 AD3d at 1325; *People v Abare*, 86 AD3d at 805; *People v Ewell*, 12 AD3d 616, 617 [2004], *lv denied* 4 NY3d 763 [2005]). Thus, there was no fundamental flaw in the grand jury proceeding requiring dismissal of the indictment.

---

1. A field sobriety test was not conducted because, at the time that defendant was apprehended, he was "a flight risk."

Nor are we persuaded that the People were required to provide notice pursuant to CPL 710.30 regarding their intent to offer identification testimony at trial. The evidence at the preclusion hearing established that, when police arrived at the scene, Jacqueway—without any prompting by police—pointed to defendant and stated to police that "[h]e's right there on the sidewalk." As this identification of defendant occurred spontaneously without any police involvement, CPL 710.30 notice of such identification was not required (*see People v Berkowitz*, 50 NY2d 333, 338 n 1 [1980]; *People v Driscoll*, 251 AD2d 759, 760 [1998], *lv denied* 92 NY2d 896 [1998]; *People v Baptiste*, 248 AD2d 479, 480 [1998], *lv denied* 92 NY2d 847 [1998]; *People v Burgos*, 219 AD2d 504, 505 [1995], *lv denied* 86 NY2d 872 [1995]). The second identification occurred only minutes later after the police pursued the fleeing individual and returned him to the scene, where Jacqueway confirmed that defendant was in fact the person whom he had just identified. Even assuming that the second identification was not merely confirmatory and, therefore, exempt from the notice requirements of CPL 710.30 (*see People v Woodard*, 83 AD3d 1440, 1441 [2011], *lv denied* 17 NY3d 803 [2011]; *People v Benjamin*, 2 AD3d 740, 741 [2003], *lv denied* 2 NY3d 737 [2004]; *People v Holland*, 208 AD2d 352, 353 [1994], *lv denied* 84 NY2d 1032 [1995]), any error was harmless inasmuch as evidence of the second identification was not introduced by the People at trial (*see generally People v Crimmins*, 36 NY2d 230, 242 [1975]).

Supreme Court properly denied defendant's request for an expanded circumstantial evidence charge. "Whenever a case relies wholly on circumstantial evidence to establish all elements of the charge, the jury should be instructed, in substance, that the evidence must establish guilt to a moral certainty. However, where a charge is supported with both circumstantial and direct evidence, the court need not so charge the jury" (*People v Daddona*, 81 NY2d 990, 992 [1993] [citations omitted]; *accord People v Saxton*, 75 AD3d 755, 758 [2010], *lv denied* 15 NY3d 924 [2010]; *see People v Stanton*, 21 AD3d 576, 577 [2005]; *People v Lewis*, 300 AD2d 827, 829 [2002], *lv denied* 99 NY2d 630 [2003]). Here, Jacqueway's testimony that immediately following the crash defendant admitted to having consumed approximately "nine drinks," together with police testimony regarding defendant's condition and demeanor, constituted direct evidence of the element of intoxication (*see* Vehicle and Traffic Law § 1192 [3]; *People v McRobbie*, 97 AD3d 970, 972 [2012], *lv denied* 20 NY3d 934 [2012]; *People v Cooley*, 69 AD3d 1058, 1058 [2010]; *People v Crandall*, 287 AD2d 881, 883 [2001], *lv denied* 97 NY2d 703 [2002]; *People v Merrick*, 188 AD2d 764,

765 [1992], *lv denied* 81 NY2d 889 [1993]). As the case was not wholly circumstantial, defendant was not entitled to the requested charge (*see People v Daddona*, 81 NY2d at 992; *People v Pagan*, 97 AD3d 963, 968 [2012], *lv denied* 20 NY3d 934 [2012]; *People v Pope*, 96 AD3d 1231, 1235 [2012], *lv denied* 20 NY3d 1064 [2013]).

Finally, we will not disturb the sentence. Supreme Court expressly noted its consideration of the presentence investigation report, the letters of support submitted on defendant's behalf and the negative implications that a sentence of imprisonment would have on defendant's family. Nevertheless, the court determined that a period of imprisonment was warranted given defendant's lengthy criminal history, which included four other drinking and driving-related offenses.[2] Given defendant's persistent and repeated decisions to consume alcohol and drive, thereby putting the safety of the community at risk, as well as his refusal to accept responsibility for his actions, we discern no abuse of discretion or extraordinary circumstances warranting a modification of the sentence in the interest of justice (*see People v Young*, 115 AD3d 1013, 1015 [2014]; *People v Steinhilber*, 48 AD3d 958, 959 [2008], *lv denied* 10 NY3d 871 [2008]; *People v Donaldson*, 46 AD3d 1109, 1110 [2007]; *People v Hammond*, 35 AD3d 905, 907 [2006], *lv denied* 8 NY3d 946 [2007]; *People v Beyer*, 21 AD3d 592, 595 [2005], *lv denied* 6 NY3d 752 [2005]).

Stein, Garry, Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed.

2. Notably, defendant committed the instant offense just four months after his sentence of probation ended for his 2006 felony driving while intoxicated conviction.