*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                    105837
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

RICHARD COKER,
                        Appellant.
_____

Calendar Date:   September 4, 2014

Before:  Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

                        _____

        Kathryn E. Conklin, Albany, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Gerald A.
Dwyer of counsel), for respondent.

                        _____

Peters, P.J.

        Appeal from a judgment of the Supreme Court (Milano, J.),
rendered June 21, 2013 in Schenectady County, upon a verdict
convicting defendant of the crime of driving while intoxicated.

        In the early morning hours of April 15, 2012, Kenneth
Jacqueway was awoken by what "sounded like an explosion" outside
his apartment in the City of Schenectady, Schenectady County.
When he went to investigate, Jacqueway saw defendant standing
near a black BMW that had crashed into a parked vehicle.
According to Jacqueway, defendant requested that Jacqueway not
call the police, disclosed that he had consumed approximately
"nine drinks" and asked Jacqueway for another beer to thwart the
results of any police-administered breathalyzer.  When Jacqueway
refused his requests, defendant fled on foot.  Police arrived at

the scene soon thereafter and apprehended defendant approximately a block away, at which time they observed that defendant's speech was slurred, he was stumbling and an odor of alcohol was emanating from him.[1]  Defendant refused to submit to a breathalyzer test and claimed that he was a passenger in the vehicle at the time of the collision.  A visual inspection of the BMW, which was registered to defendant, revealed that only the driver-side air bag had deployed.

Charged by indictment with one count of driving while intoxicated, defendant moved to, among other things, preclude at trial any identification testimony based upon the People's failure to provide CPL 710.30 notice.  Following a hearing, a Judicial Hearing Officer determined that the proffered identification evidence was not subject to the notice requirements of CPL 710.30, and County Court (Drago, J.) adopted that finding and denied defendant's motion.  At the conclusion of the ensuing jury trial, defendant was convicted as charged and sentenced to 2 to 6 years in prison followed by five years of probation.  He appeals, and we affirm.

We reject defendant's assertion that the integrity of the grand jury proceeding was impaired due to the presentation of inadmissible hearsay testimony (see CPL 210.35 [5]; People v Huston, 88 NY2d 400, 409 [1996]).  One of the officers who responded to the scene testified before the grand jury that Jacqueway told him that "the driver of the vehicle was walking up the hill" and that defendant "was the only one in the vehicle." Those statements were not hearsay since they were admitted not for the truth of the matters asserted, but rather "to provide background information as to how and why the police pursued and confronted defendant" (People v Tosca, 98 NY2d 660, 661 [2002]; see People v Jackson, 100 AD3d 1258, 1261 [2012], lv denied 21 NY3d 1005 [2013]; People v McCottery, 90 AD3d 1323, 1325 [2011], lv denied 19 NY3d 975 [2012]; People v Abare, 86 AD3d 803, 805 [2011], lv denied 19 NY3d 861 [2012]; People v Lester, 83 AD3d 1578, 1579 [2011], lv denied 17 NY3d 818 [2011]).  Furthermore,

---

[1]  A field sobriety test was not conducted because, at the time that defendant was apprehended, he was "a flight risk."

the People provided adequate limiting instructions to that effect
on three separate occasions (see People v Jackson, 100 AD3d at
1261; People v McCottery, 90 AD3d at 1325; People v Abare, 86
AD3d at 805; People v Ewell, 12 AD3d 616, 617 [2004], lv denied 4
NY3d 763 [2005]).  Thus, there was no fundamental flaw in the
grand jury proceeding requiring dismissal of the indictment.

        Nor are we persuaded that the People were required to
provide notice pursuant to CPL 710.30 regarding their intent to
offer identification testimony at trial.  The evidence at the
preclusion hearing established that, when police arrived at the
scene, Jacqueway — without any prompting by police — pointed to
defendant and stated to police that "[h]e's right there on the
sidewalk."  As this identification of defendant occurred
spontaneously without any police involvement, CPL 710.30 notice
of such identification was not required (see People v Berkowitz,
50 NY2d 333, 338 n 1 [1980]; People v Driscoll, 251 AD2d 759, 760
[1998], lv denied 92 NY2d 896 [1998]; People v Baptiste, 248 AD2d
479, 480 [1998], lv denied 92 NY2d 847 [1998]; People v Burgos,
219 AD2d 504, 505 [1995], lv denied 86 NY2d 872 [1995]).  The
second identification occurred only minutes later after the
police pursued the fleeing individual and returned him to the
scene, where Jacqueway confirmed that defendant was in fact the
person whom he had just identified.  Even assuming that the
second identification was not merely confirmatory and, therefore,
exempt from the notice requirements of CPL 710.30 (see People v
Woodard, 83 AD3d 1440, 1441 [2011], lv denied 17 NY3d 803 [2011];
People v Benjamin, 2 AD3d 740, 741 [2003], lv denied 2 NY3d 737
[2004]; People v Holland, 208 AD2d 352, 353 [1994], lv denied 84
NY2d 1032 [1995]), any error was harmless inasmuch as evidence of
the second identification was not introduced by the People at
trial (see generally People v Crimmins, 36 NY2d 230, 242 [1975]).

        Supreme Court properly denied defendant's request for an
expanded circumstantial evidence charge.  "Whenever a case relies
wholly on circumstantial evidence to establish all elements of
the charge, the jury should be instructed, in substance, that the
evidence must establish guilt to a moral certainty.  However,
where a charge is supported with both circumstantial and direct
evidence, the court need not so charge the jury" (People v
Daddona, 81 NY2d 990, 992 [1993] [citations omitted]; accord

People v Saxton, 75 AD3d 755, 758 [2010], lv denied 15 NY3d 924 [2010]; see People v Stanton, 21 AD3d 576, 577 [2005]; People v Lewis, 300 AD2d 827, 829 [2002], lv denied 99 NY2d 630 [2003]). Here, Jacqueway's testimony that immediately following the crash defendant admitted to having consumed approximately "nine drinks," together with police testimony regarding defendant's condition and demeanor, constituted direct evidence of the element of intoxication (see Vehicle and Traffic Law § 1192 [3]; People v McRobbie, 97 AD3d 970, 972 [2012], lv denied 20 NY3d 934 [2012]; People v Cooley, 69 AD3d 1058, 1058 [2010]; People v Crandall, 287 AD2d 881, 883 [2001], lv denied 97 NY2d 703 [2002]; People v Merrick, 188 AD2d 764, 765 [1992], lv denied 81 NY2d 889 [1993]).  As the case was not wholly circumstantial, defendant was not entitled to the requested charge (see People v Daddona, 81 NY2d at 992; People v Pagan, 97 AD3d 963, 968 [2012], lv denied 20 NY3d 934 [2012]; People v Pope, 96 AD3d 1231, 1235 [2012], lv denied 20 NY3d 1064 [2013]).

Finally, we will not disturb the sentence.  Supreme Court expressly noted its consideration of the presentence investigation report, the letters of support submitted on defendant's behalf and the negative implications that a sentence of imprisonment would have on defendant's family.  Nevertheless, the court determined that a period of imprisonment was warranted given defendant's lengthy criminal history, which included four other drinking and driving-related offenses.[2]  Given defendant's persistent and repeated decisions to consume alcohol and drive, thereby putting the safety of the community at risk, as well as his refusal to accept responsibility for his actions, we discern no abuse of discretion or extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Young, 115 AD3d 1013, 1015 [2014]; People v Steinhilber, 48 AD3d 958, 959 [2008], lv denied 10 NY3d 871 [2008]; People v Donaldson, 46 AD3d 1109, 1110 [2007]; People v Hammond, 35 AD3d 905, 907 [2006], lv denied 8 NY3d 946 [2007]; People v Beyer, 21 AD3d 592, 595 [2005], lv denied 6 NY3d 752

_____

[2]  Notably, defendant committed the instant offense just four months after his sentence of probation ended for his 2006 felony driving while intoxicated conviction.

[2005]).

     Stein, Garry, Lynch and Devine, JJ., concur.


     ORDERED that the judgment is affirmed.




           ENTER:

           Robert D. Mayberger
           Clerk of the Court