People v Brunson
2026 NY Slip Op 03513
June 4, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Shakiem Brunson, Defendant-Appellant.

Decided and Entered: June 04, 2026
Ind No. 72546/23|Appeal No. 6799|Case No. 2024-01560|
Before: Scarpulla, J.P., Shulman, Higgitt, O'neill Levy, Chan, JJ.

Twyla Carter, The Legal Aid Society, New York (Elizabeth Batkin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered February 28, 2024, convicting defendant, upon his plea of guilty, of attempted murder in the second degree, and sentencing him, as a second felony offender, to a term of 12 years, unanimously affirmed.
Defendant's challenge to the voluntariness of his plea is unpreserved, and we decline to review it in the interest of justice. The narrow exception to the preservation rule, recognized in People v Lopez (71 NY2d 662, 666 [1988]), is inapplicable because defendant said nothing during the plea colloquy that cast doubt on his guilt (see People v Rios, — NY3d —, 2026 NY Slip Op 00963, *3 [2026]). As an alternative holding, we find that nothing in the record casts doubt on the voluntariness of the plea.
Additionally, defendant's statements made during his presentence investigation interview with the Department of Probation do not fall within the Lopez exception to the preservation requirement, nor do they trigger a court's duty to make inquiry (see e.g. People v Grant, 203 AD3d 477, 477-478 [1st Dept 2022], lv denied 38 NY3d 1033 [2022]).
The court properly denied defendant's motion for a Wade hearing. The arresting officer's viewing of a surveillance videotape of the shooting, to which he was not a witness, and his recognition of defendant from that footage based on his previous interactions with defendant did not constitute an identification procedure within the meaning of CPL 710.30(1)(b) (see e.g. People v Kavanaugh, 207 AD2d 719, 719 [1st Dept 1994], lv denied 84 NY2d 937 [1994]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2026